Herman G. Schuricht et al., Respondents, *v.* M. M. Broadwell, Appellant.

### June 5, 1877.

1. A judgment for possession and one year's rent, recovered by a lessor against a lessee and several sub-tenants, under section 35, page 883, of Wagner's Statutes, is not a bar to a recovery by the same lessor against the same lessee for taxes which, by the lease, the lessee was bound to pay, and for rent due under the lease for the period subsequent to the date of the former recovery, the rule that a demand cannot be divided having no application to such a case.

2. An objection that different demands were united in one count, if not made in the court below, will not be considered in the appellate court.

3. Where an immaterial fact is denied by the defendant in his answer, the court may, on trial, allow him to admit the fact and demur to it as evidence.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

H. I. D'Arcy, for appellant: A claim cannot be split up into several actions, and a judgment concludes the rights of the parties as to the cause of action in the pleadings, whether it includes the whole or only part of the demand. — 15 Am. Law Reg. 83; 33 Mo. 561; *Kansas City Hotel Co.* v. *Sigement,* 53 Mo. 176; *Boofe* v. *Pacific R. Co.,* 33 Mo. 212; 35 Mo. 447; *Union R. Co.* v. *Traube,* 59 Mo. 355; *Cosgrove* v. *Lebo, etc., R. Co.,* 50 Mo. 270. The issues to be tried are those made by the pleadings. — *Kiskaddon* v. *Jones,* 63 Mo. 190.

JAMES TAUSSIG, for respondents : To make a prior adjudication a bar, the parties and the subject-matter must be the same. — *Cromwell* v. *County*, Cent. L. J., May 4, 1877, p. 416 ; *Bradley* v. *Johnson*, 49 Ga. 412 ; *Verhein* v. *Schultz*, 57 Mo. 326.

HAYDEN, J., delivered the opinion of the court.

This is an action brought upon a lease to recover rent and taxes, the rent claimed being at the rate of $26.66 for every six months, from May 15, 1868, to the time of bringing the suit, October 9, 1875, and the taxes for the same period paid as alleged by plaintiffs, being $600 in amount. Judgment is asked for $995, rent and taxes. The only defence set up was a judgment obtained by the plaintiffs before a justice of the peace, upon a suit brought on October 9, 1875, for possession of the premises and $53.53, rent due under the lease, from May 15, 1874, to May 15, 1875, against this defendant and several tenants who held under him. The reply alleged that there was no such judgment. On the trial the plaintiffs admitted that they had obtained judgment for possession of the premises and for rent, as set up in the answer, and upon this the case was submitted to the court as a jury. The court found for the plaintiffs in the sum of $636.42 damages, which amount, it appears, included the respondent's claim of taxes, and so much of the rent as was due for the period between May 15, 1875, and October 9, 1875, the date of bringing suit. The defendant appealed, but there is no appeal on the part of the plaintiffs.

It is contended by the appellant that the former judgment is a bar to the present action ; that the taxes here sued for are rent, and that the respondents cannot split their demand. The term " rent " is used in different senses. In its largest signification it may mean all the profit issuing yearly out of lands, in return for their use. But as ordinarily employed, in law, it does not include taxes, and they are generally paid under a separate covenant. The action

brought before the justice was a special, statutory action, could not have included the amount here sued for, and was brought against other parties besides the present appellant. Of the right to sue such parties by such proceeding this appellant cannot deprive the respondents by urging that, as to him, the demand will be split.   The special remedy which the law gives the respondents, and the parties whom the law makes liable to them, they have a right to pursue. The rule that an entire demand cannot be divided is intended to prevent unnecessary litigation, not to deprive parties of rights expressly given them by the laws.   The cause of action in the suit before the justice was distinct from the present, as were the parties and the remedy sought, and the rule invoked by the appellant has no application. *Union, etc., Trans. Co.* v. *Traube*, 59 Mo. 362.    The objection that the respondents, in their present petition, united different demands in one count was not raised below, and cannot now be considered.    *Kansas City Hotel Co.* v. *Sigement*, 53 Mo. 177.

It is further contended that upon the pleadings it was not necessary for the appellant to show that the former judgment was a bar; that as the respondents, in their reply, denied that there was any such judgment, this was the real issue, and judgment should have gone for the defendant below.   It is true that the issue which the trial court should try is the issue made by the pleadings, and not some issue which is not made by the pleadings.   But, though it is error in the court to try issues not made by the pleadings, it is not error in the court to pass upon the legal effect of allegations and to disregard immaterial issues which are made by the pleadings.   On the contrary, it is the duty of the court to sift the issues and to treat as surplusage the allegations which are immaterial; otherwise, time would be wasted in trying issues irrelevant to the case.   The paper issues should be the real issues on the trial; but though a party at the trial cannot go outside of the issues on paper,

he can, and often does, abandon issues there raised, and thus the paper issues may become one thing and the actual issues another. This was the case here. The respondents abandoned their denial, admitted the facts, and, in effect, demurred to them as evidence.

The judgment is affirmed. All the judges concur.