Fogg v. Cushing.

Greenl. 452; *Russell* v. *Richards,* 1 Fairf. 429, and *same* v. *same,* 2 Fairf. 371; *Wilton* v. *Harwood,* 23 Maine, 131.

## † FOGG *versus* CUSHING.

It is no ground for abating a writ, brought before a magistrate, for *trespass quare clausum fregit,* that in the declaration matters of aggravation in the destruction of plaintiff's property are alleged, and three times the value are claimed; or that it omits to state that the trespass was committed wilfully and maliciously, and contrary to the form of the statute.

ON REPORT from *Nisi Prius,* CUTTING, J., presiding.

TRESPASS *quare clausum.*

This action was originally brought before a justice of the peace. The declaration was in form *quare clausum,* and alleged sundry matters of aggravation, in damaging, spoiling and carrying away certain personal property belonging to plaintiff. The conclusion of the declaration was: — " whereby an action hath accrued to the plaintiff to sue for and recover the said sums or damage as aforesaid, and three times the value of the property so destroyed and injured."

At the return day, before the justice, the defendant filed a motion in writing " that this action may be dismissed and the writ abated, because being brought to recover a penalty alleged to be incurred under § 13 of c. 162, R. S., the writ

does not allege that said trespass was committed wilfully or maliciously, as is required by the provisions of said statute, and also because said declaration does not allege said trespass to have been contrary to the form of said statute, or to have been in any breach of its provisions."

The justice ordered the writ to abate, and allowed costs for defendant. From this judgment plaintiff appealed.

A motion was made in the appellate court to strike out that part of the declaration as to the recovery of "three times the value of the property so destroyed or injured." The decision of the case was submitted to the full Court, and it was agreed that if the action is properly in the appellate court, and is maintainable with or without the amendment, it is to stand for trial; otherwise, a nonsuit to be entered.

*A. M. Robinson*, for plaintiff.

*W. G. Clarke*, for defendant.

GOODENOW, J. — This is an action of trespass *quare clausum.* On the return day of the writ, before a justice of the peace, the defendant moved " the said court that this action may be dismissed and the writ abated," for reasons therein stated. And the justice rendered judgment that said writ abate, and that the defendant recover his costs. From this judgment plaintiff appealed, and the action was duly entered in this Court.

The reasons assigned by the defendant in his motion in abatement are, " because, being brought to recover a penalty alleged to be incurred under the provision of § 13, c. 162, R. S., the writ does not allege that said trespass was committed wilfully and maliciously, as is required by the provisions of said statute, and also because said declaration does not allege said trespass to have been contrary to the form of the statute."

The breaking and entering the close is the *gist* of the action; and whatever sufficiently answers this, is a sufficient answer to the whole complaint or declaration including all

matters of aggravation, such as are set forth in the plaintiff's motion. Motion of defendant in abatement overruled.

*Judgment that the defendant answer over.*