FREELOVE T. MOON *vs.* HENRY N. AVERY.

January 23, 1890.

**Trespass Quare Clausum — Possession—Pleading.**—A plaintiff cannot recover in trespass *quare clausum* when he negatives possession in his pleadings; for without possession, actual or constructive, trespass cannot be maintained.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial. The complaint, dated August 14, 1888, after alleging that plaintiff, since September 25, 1885, has been the owner of a certain described lot in Minneapolis, states: "(2) That on or about the said 25th day of September, 1885, the defendant wrongfully and unlawfully entered upon said premises and thereafter until the 15th day of June, 1888, has wrongfully used and occupied the same. (3) That said lot is reasonably worth the sum of $3,500, and the fair annual value of the use and occupation of said premises, exclusive of the use of improvements made by the defendant, is and during all said time has been the sum of $100." The complaint further alleges injuries done to the premises during the period named and demands judgment for $462.50.

*J. K. Doolittle*, for appellant.

*Brooks & Hendrix*, for respondent.

COLLINS, J. Upon the trial of this case the plaintiff introduced in evidence a warranty deed to herself, from one Johnson, of the lot in question, bearing date September 25, 1885, and duly recorded three days later. She then attempted to prove the value of the lot, as well as its rental value; but an objection to this testimony was sustained by the court. Both parties here rested. The plaintiff declined to consent to a dismissal; and thereupon, by direction of the court, the jury returned a verdict for the defendant. In this the court was fully justified. The action must be considered as in trespass *quare clausum*. From the complaint, as well as from the deed introduced in evidence, it appears that plaintiff became the owner of the premises in controversy September 25, 1885. She alleges defendant's unlawful and wrongful entry to have been made *on or about* that day. The answer asserts the entry to have been some three months earlier, on June 10, 1885, by virtue of leave and license to enter upon, use, and occupy the premises, and to do all of the acts complained of, given to defendant by the then owner, the plaintiff's immediate grantor; and that said use and occupation by defendant, in the manner referred to in the complaint, was pursuant to the authority before mentioned, and was continuous until June 5, 1888, at which time, and not before, the defendant had notice of plaintiff's estate; that he was then notified by plaintiff to remove, and did remove, his improvements from the premises. The reply admitted that Johnson, plaintiff's grantor, owned the lot at the time of the alleged license and entry, and that defendant had used and occupied it from the 10th day of June, 1885, to the 5th day of the same month, in the year 1888. We do not construe this portion of the reply as an admission that defendant's use and occupation at any time was in pursuance of the leave and license expressly set forth in the answer, although the parties may have so treated it upon the trial; but it must be taken as an acknowledgment by the plaintiff that from the day first mentioned to that last named the defendant was in the actual, continuous, and exclusive occupancy and possession of the entire tract of ground. Consequently, the plaintiff did not have possession of any part of it,

either actual (admitted to have been in another) or constructive, which she could not have had, because of defendant's actual adverse possession,—see *Washburn* v. *Cutter*, 17 Minn. 335, (361,)—prior to June 5,'1888. A plaintiff cannot recover in trespass *quare clausum* when he negatives possession in his pleadings, for the gist of the action is the breaking and entering his close. Without possession, either actual or constructive, trespass cannot be maintained. *Gould* v. *Eagle Creek School-Dist.*, 7 Minn. 145, (203;) *Fogg* v. *Cushing*, 40 Me. 315; *Cowenhoven* v. *City of Brooklyn*, 38 Barb. 9; 3 Bing. Real Prop. 143, 147: 2 Wat. Tresp. 448; Bigelow, Torts, 160. The plaintiff did not prove, nor did she offer to prove, a cause of action; and, with her pleadings in the condition mentioned, the order of the court directing a verdict for defendant was correct. It is unnecessary to consider other questions discussed by the parties.

Order affirmed.

NOTE. A motion for a reargument of this case was denied February 5, 1890.