## CORNING *v.* LOOMIS.

1. VENDOR AND PURCHASER—CONTRACT OF SALE.

   Defendant wrote to plaintiff, offering to purchase certain land for $250, payable, $25 at a specified date, and $25 every six months after the first payment, stating that he would improve the premises $50 worth the first year, and would set out fruit trees. Plaintiff answered, accepting the terms of the offer, agreeing to charge defendant with the land upon his books, to credit him with all payments, and to give a deed when payments were completed. A subsequent letter from plaintiff to defendant had indorsed thereon the terms of the contract as proposed by defendant. *Held,* that the writings constituted a valid contract of sale.

2. SAME—RIGHT OF POSSESSION.

   Since the contract provided for the setting out of trees and for other improvements upon the land, the purchaser was entitled to possession pending performance.

3. SAME—NOTICE OF FORFEITURE.

   A vendor in an executory contract which gives the purchaser the right of possession does not acquire the right of immediate possession upon failure of the purchaser to make the payments as required by the contract, but he must terminate the contract relations by notice of forfeiture or demand of possession.

Error to Isabella; Davis, J., presiding. Submitted October 23, 1896. Decided December 1, 1896.

Ejectment by Gurdon Corning against Daniel Loomis and wife. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Reversed.

*Thomas Costello* and *H. H. Graves,* for appellants.

*Francis H. Dodds,* for appellee.

LONG, C. J. This is an action of ejectment to recover possession of certain lands described in the declaration.

Upon the trial it was shown that plaintiff had title, but defendants claim that they were in possession under a certain contract for the sale of the lands to them. The claimed contract of sale is evidenced by certain letters passing between the parties. November 4, 1891, defendant Daniel Loomis wrote the plaintiff that he desired to purchase the land, and asked him to draw up a contract of sale, and send it to him. He then stated in the letter:

"I agree to pay $25 March the 20th, and $25 every six months after first payment, or more if convenient, and interest at the end of each payment; and I agree to fence and chop down and improve to the amount of $50 worth the first year, or cause it to be done, and also to set out fruit trees the first year, and they will be on hand in the spring for setting,—I think about $10 worth."

On December 15th the plaintiff wrote defendant, accepting the terms of the offer, and agreeing to charge the same upon book account, charging the defendant with the land, and crediting payments, and when full payment was made he agreed to deed the land to him. February 8th, plaintiff wrote defendant again, saying he would pay up all taxes prior to 1891. On the back of this letter, he indorsed the contract, as it was then understood between the parties, as follows:

"To DANIEL LOOMIS: The land mentioned in letter opposite side of this sheet is the E. $\frac{1}{2}$ N. W. $\frac{1}{4}$, sec. 29, T. 15 N., R. 6 west, containing 80 acres, more or less. I have letter from Mr. Daniel Loomis in which he agrees to pay $250 for the land, as follows: $25 March 20, 1892, and $25 each six months after first payment, or more if he can, and agrees to chop and cut down and improve to the amount of $50 the first year; also to set out fruit trees. They will be on hand in the spring for setting. And he is to pay taxes on said land, including the year 1891 and following years. The above I copy from your letter," etc.

After these letters were written, the defendants went into possession of the land. They paid the $25, and made the $50 improvements on the land, and set out the

fruit trees, as agreed.   They built a house on the land
and moved into it, and still continue to reside there.

The letters were offered in evidence by the defendants,
under the claim that they constituted a contract of sale of
the land, and gave them the right of possession.   The
letters were objected to by counsel for the plaintiff,
but were received subject to the objection then made.   On
motion, the court thereafter struck them out of the case,
holding that they constituted no more than a mere license,
as to any right of possession.   All evidence was stricken
out as to the contract of sale.   Some claim was made by
Mrs. Loomis under a tax deed, but the court found that
invalid, and, we think, properly, and that will not be dis-
cussed.   We think the court was in error, however,
in holding that the letters did not constitute a valid con-
tract of sale of the land.   *Ryan* v. *U. S.*, 136 U. S. 68;
*Wilcox* v. *Cline*, 70 Mich. 517.   The price was agreed
upon, and the time and mode of payment.   The letter ac-
cepting the defendant's proposition is signed by the
plaintiff, and payments were made thereunder.

But counsel contends that the letters do not give the de-
fendants the right of possession, and for that reason they
could not defend their possession, as against the plaintiff,
inasmuch as they had not made the payments in accord-
ance with the terms of the contract.   It appears that the
payment of $25, and the clearing of the $50 worth on the
land, and the setting out of the fruit trees had been fully
performed.   No other payments had been made when this
suit was commenced in the early part of 1895; that is,
over two years had elapsed from the time the last pay-
ment was made under the contract to the time of
commencement of suit.   If the defendants had the right
of possession by the terms of the contract, the mere
failure to make payments as by the contract agreed would
not, of itself, give the plaintiff the right of immediate
possession.   He must terminate the contract relations by
notice of forfeiture or demand of possession.   *Michigan
Land & Iron Co.* v. *Thoney*, 89 Mich. 226.   Did the

contract, therefore, give the defendants the right of possession? It provided that they should make certain improvements, and set out fruit trees on the land. While it is not specific as to possession, it cannot be said but that the parties must have understood, at the time of the making of the contract, that defendants were to have possession. It is not like the case, cited by plaintiff's counsel, of *Buell* v. *Irwin*, 24 Mich. 145. There a mere quitclaim deed was provided for, and the contract was wholly silent as to possession. Under the circumstances here, the court should have directed verdict in favor of defendants, as no notice of forfeiture had been given, nor demand of possession made.

Judgment is reversed, and new trial ordered.

The other Justices concurred.