(70 N. W. Rep. 815.)

---

ELMER NEARING *vs.* WALTER COOP, *et al.*

Opinion filed April 16th, 1897.

**Action for Rent—Possession of Landlord.**

In this state when the purchaser of land under a contract for a deed goes upon the same, and crops it for a number of years, and exercises all the acts of ownership and possession over the same necessary to obtain the full beneficial use of the land, he is in actual possession thereof, although he may never have lived upon the land or fenced any portion thereof.

**Party in Possession Right to Control Land.**

A party, while thus in possession, has a right to the full control of the land, and may lease the same; and neither his tenant nor the vendor can defeat an action to recover the rent by showing that such vendee was in default under his contract, and that the vendor had the legal right to dispossess him by foreclosure or otherwise. So *held* in an action where the tenant claimed to have leased from both parties, and agreed to pay rent to the vendor only in case he had the better right thereto.

Appeal from District Court, Barnes County; *Rose*, J.

Action by Elmer Nearing against Walter Coop and the New

England Mortgage Security Company. Judgment for plaintiff, and defendant's appeal.

Modified and Affirmed.

*Young & Burke*, for appellants.

*Winterer & Winterer*, for respondent.

BARTHOLOMEW, J. This action was originally brought in justice's court, to recover rent for a certain quarter section of land in Barnes county for the year 1895. The trial resulted in a judgment for plaintiff, and the defendants appealed to the District Court, where the case was tried by the court without a jury, and plaintiff was again successful, and defendants bring the case to this court for trial *de novo*. The testimony shows that in 1891 the plaintiff purchased from the defendant the New England Mortgage Security Company the said quarter section of land for the consideration of $900.00. The purchase was evidenced by a written contract, on what is known as the "crop payment plan." By the terms of the contract, the purchaser agreed to farm the land in proper manner, and deliver to the vendor the one-half of all the crops grown upon the land each year, until the value of the crops so delivered should extinguish the purchase price and interest. The purchaser was also to pay the taxes, and, upon full compliance by the purchaser, the vendor was to convey by good and sufficient warranty deed. The contract also contained the following provision: "But should default be made in the delivery of said several payments of grain, or any of them, or any part thereof, as herein agreed, or in any of the covenants herein to be by the party of the second part kept and performed, then this agreement to be void, at the election of the party of the first part; time being the essence of this agreement. And in case of default by said second party, in whole or in part, or any or either of the covenants of this agreement by him to be kept and performed, he hereby agrees, on demand of said first party, to quietly and peaceably surrender possession of the said premises, and every part thereof." Under this contract, the purchaser went

into possession of the land, and cropped the same for the years 1892, 1893, and 1894. At the beginning of the cropping season of 1895 he was in default under his contract in not having delivered to the vendor the one-half of the crop raised on the premises in 1894, and in not having paid the taxes. About April 15, 1895, the vendor, the New England Mortgage Security Company, leased the land to the defendant Coop. There were no buildings or fences on the tract. Plaintiff, Nearing, lived upon an adjoining tract, and near the line between the two. Soon after the execution of the lease to him, Coop went upon the premises, and commenced plowing. The second day after he began, he had a conversation with Nearing, in which Nearing told him that he (Nearing) held the tract by contract; that he had bought it, and paid over two hundred dollars on it, and intended to pay the balance. Coop replied that he had rented it of Mr. Young. Mr. Young was the agent of the New England Mortgage Security Company. Nearing replied that Young had nothing to do with it. According to Nearing's testimony, Coop then said, "I will rent it of you if you want to rent it." Nearing replied, "All right, I will rent it to you." Coop then stated the terms upon which he had rented from the security company, and Nearing told him that he could have it from him on the same terms; whereupon Coop said he would take it, and thereafter went on and raised the crop. Coop's testimony differs from Nearing's in this: that he claims that the contract was not positive, he stating to Nearing that he would pay him (Nearing) the rent if he showed the better right thereto. The rent was not paid to Nearing in the fall, and he brought this action to recover. Coop only was made defendant. Plaintiff, in his complaint, alleges that he was in peaceable possession of the property at the time Coop went upon the same. Defendant Coop answered, denying plaintiff's possession or his right to possession, and alleging the lease from the New England Mortgage Security Company, and claiming that he raised the crop under that lease. The New England Mortgage Security Company made application, and was permitted to file an anwer

in such case, and become a co-defendant therein. The legality
of this proceeding is not before us, and we express no opinion as
to whether or not the New England Mortgage Security Company
was properly permitted to become a defendant in the case. The
answer of the mortgage company, so far as it is material to this
decision, alleges that the contract of purchase between itself and
the plaintiff, Nearing, had been cancelled, rescinded, and aband-
oned prior to the lease to co-defendant, Coop. These matters
were all denied by reply.

As we view the case, the controversy hinges upon one point,
and that is whether or not plaintiff, Nearing, was in actual, peace-
able, and lawful possession of the premises at the time Coop
went thereon, and commenced plowing. The allegation that the
contract of purchase had been rescinded or abandoned is not, in
our judgment, sustained by the evidence, and the turning question
in the case must be decided under the terms of that contract.
That plaintiff was in default at that time is undisputed. Being
in default under the contract, the vendor might have foreclosed
said contract, and thereby obtained possession by decree of court.
Perhaps, under the contract, he could have maintained an action
under our statute in the nature of ejectment, and in such proceed-
ings have obtained possession. We do not, however, decide this
latter point.

We think the facts and conditions upon which possession of
premises without buildings and unfenced can be predicated are
well settled by the decisions, and may be generally summarized
as follows: Where a party exercises such acts of ownership and
dominion over the premises as are necessary, proper, and usual
in order to obtain the full benefit of the use for which such
premises are fitted, he is in actual possession thereof. The
following cases well illustrate this point: *Goodrich* v. *Van Landig-
ham*, 46 Cal. 601; *Bradley* v. *West*, 60 Mo. 59; *Brown* v. *Volkening*,
64 N. Y. 80. The undisputed evidence shows that plaintiff,
Nearing, had for more than three years exercised all such
dominion over the premises in controversy. He had farmed the

same, either by himself or through his agent. The premises, at the time Coop went thereon, showed unmistakably that they had been so used. The greater portion of it was stubble ground. About 15 acres had been summer-fallowed the previous season. In this state parties are not required to fence farm land. It was not possible, under the circumstances, for Nearing to exercise further or different acts of ownership or possession than those he had exercised. He was therefore in actual, peaceable possession, unless his contract *ex vi termini* had terminated such possession.

It is urged that time is of the essence of the contract, and appellants seem to think that such fact has a material bearing upon the rights of the parties in this case. We are unable to see in what manner. If, in this case, the parties were litigating or could properly litigate the question of the existence of a default under the contract, then such provision would be material, as tending to show that, to avoid a default, the vendee must perform every covenant on his part at the exact time fixed by the contract. But we regard the existence or nonexistence of default under the contract of purchase as entirely immaterial for the purposes of this action. It has been frequently held that where land is conveyed by contract specifying the time and manner of future payments therefor, which the grantee undertakes to make, the grantor agreeing that, upon the making of such payments, he will convey to the grantee by deed, the grantee at once upon the execution of the contract becomes the equitable and beneficial owner thereof, and that the grantor holds the legal title in trust for the grantee, and as his security for the performance of the covenants on the part of the grantee. In other words, the grantee becomes the equitable mortgagor, and the grantor the equitable mortgagee. See, Jones, Mortg. §§ 226, 1449, and cases cited. That, we think, was the condition of the parties under this contract at the time defendant Coop went on the land. So long as that relation existed, the grantee, Niering, was entitled to treat the land as his own, to crop or rent the same as he might see proper, and, if rented, was entitled to receive or recover the rent therefor.

The appellants cite numerous cases holding that a grantee in default cannot maintain a possessory action against his grantor in possession. We may concede the proposition. In our view, it is not applicable to this case, as clearly appears from what we have already held. The grantee is not attempting to maintain any action to recover or regain possession from his grantor. He was already in possession, and it was not competent or possible for the appellant, the New England Mortgage Security Company to convert an action which had been brought by a lessor against his lessee, to recover rent, into a possessory action, or anything analoguous thereto, by intervening in the case, and disputing the lessor's right of possession. Appellant, in his brief, repeatedly states the vital question to be, who was legally entitled to possession? This is a misconception. So long as the vendee retained actual possession under his contract, his right to control was not impaired by the fact that he was in default. From what we have said, it follows that the judgment of the court below, in favor of respondent, and against appellant Coop, for the rent (there being no dispute as to the amount thereof), was clearly right. It was perhaps by inadvertence that judgment was also entered up against the New England Mortgage Security Company for such rent. The District Court will enter judgment in favor of the respondent, and against the defendant Coop, for the amount of said rent, to-wit, $60, and judgment against both appellants for costs.

Modified and affirmed. All concur.