(59 App. Div. 456.)

## SAMPLE v. LYONS.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1901.)

1. EJECTMENT—ANSWER—EQUITABLE TITLE—POSSESSION—RIGHT OF POSSESSION—SUFFICIENT ALLEGATION.

In ejectment, an answer alleged that defendant entered under an agreement for purchase with plaintiff's uncle, under whom she claimed, the price to be paid in three installments, with interest; that defendant was to pay taxes from the date of the agreement, and was to receive a deed on full payment; that defendant entered and occupied the premises, paid the first installment to the vendor, the second to plaintiff's father, as his administrator, and tendered the third installment to the plaintiff's father, which was refused; that defendant was ready to pay the balance on delivery of a conveyance from the vendor's heirs. *Held* not demurrable, as not showing a right of possession in the vendee, since, while possession was not expressly awarded the vendee by the contract, payment of interest and taxes, and the fact that he immediately entered, showed that such was the intention of the parties.

2. DEMURRER—INTEREST—TAXES—PAYMENT.

The answer is not demurrable because it does not state specifically that the defendant's possession was pursuant to the agreement, since his going into possession immediately after the agreement, making payments thereunder, and claiming to be the equitable owner, are facts consistent only with possession under the agreement.

3. STATUTE OF LIMITATIONS—CONTRADICTORY AFFIRMATIVE DEFENSE.

Where, in ejectment, more than the statutory period has elapsed since defendant went into possession of the premises, a plea of limitations in one paragraph of the answer is not rendered demurrable by the fact that it is declared therein that the defendant "repeats and realleges" the statements of a former paragraph containing an affirmative defense, founded on a right of possession under the title sought to be denied by the plea of the statute, since the demurrer is to the plea of the statute alone, and this plea may be founded on a title entirely distinct from that set up in the affirmative defense.

Appeal from special term, Steuben county.

Ejectment by Cornelia Sample against James Lyons. From an order overruling a demurrer to the answer of the defendant, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

James O. Sebring, for appellant.
Delmar M. Darrin, for respondent.

SPRING, J. This action was commenced to recover possession of the farm occupied by the defendant. The complaint is the usual one in ejectment. It alleges that Anthony Burnett died intestate September 2, 1873, leaving his brother, the father of the plaintiff, as one of his three heirs at law; that this brother died intestate, leaving his widow and three children him surviving; that the plaintiff has acquired the title of which her father died seised, and now owns an undivided one-third of the premises, subject to the dower interest of her mother. The answer first pleads a general denial. In the second count it reiterates this general denial, and sets forth this affirmative defense: That on the 28th of August, 1873, the defendant and said Anthony Burnett entered into a written agreement, under seal, and in the presence of a subscribing witness, whereby Burnett agreed to sell and convey said premises to the defendant for the sum of $300, $100 of which were by the terms of the agreement to be paid in cash, $100 and interest on the balance unpaid November 1, 1874, and the residue, with interest, November 1, 1875; that the said vendee was to pay all taxes and assessments charged upon the land from the date of the agreement; when the purchase price was fully paid, the vendor was to execute and deliver to the vendee "a good and sufficient warranty deed of said land"; that the defendant paid the said sum of $100 on said contract on the day of its date, went into possession of said land, and has continued to occupy the same ever since; that Peter Burnett, the father of the plaintiff, was appointed administrator of the deceased, Anthony, and on the 14th day of November, 1874, the defendant paid to him the $100 then due upon the contract, and a year later tendered to him the balance unpaid thereon, and demanded a deed of the said premises, which has never been delivered to him; that the defendant has, ever since the date of the contract, "been ready and willing to receive a deed of the said lands," and to pay the balance of said purchase price unpaid upon obtaining "a proper and legal conveyance from the legal heirs of Anthony Burnett, deceased." This affirmative defense, if proven, is absolutely decisive against the plaintiff. Evidence permissible under it would establish defendants' occupancy by agreement with the plaintiff's ancestor, and that the vendee has fulfilled whatever obligations were imposed upon him by it; that his possession, instead of being wrongful, is supported by his agreement; and that he is entitled to a deed vesting the legal title in him. To be sure, the agreement, in terms, does not award possession to the vendee, but he was to pay the taxes, and did in fact enter in possession immediately, indicating unmistakably that that was the

intention of the parties. Payments of taxes and interest imply that occupancy was expected.

Again, the answer is criticised because it does not aver in specific terms that the possession was pursuant to the agreement; that such was the fact is the only conclusion that can be spelled out of the language employed. He went into possession promptly, and paid, or tendered payment, pursuant to the agreement, claiming to be the equitable owner, all of which are facts consistent only with possession under the agreement. In arriving at the meaning of the answer, we are not confined to definite allegations made, but if the pleading as a whole, with the inferences reasonably flowing from the facts set forth, show a defense, then it will be deemed sufficient. In Marie v. Garrison, 83 N. Y. 14, 23, quoted approvingly in Sanders v. Soutter, 126 N. Y., at page 196, 27 N. E. 263, the rule is thus stated:

"A demurrer to a complaint for insufficiency can only be sustained when it appears, from all the facts alleged, it presents no cause of action whatever. It is not sufficient that the facts are imperfect or informally averred, or that the pleading lacks definiteness and precision, or that the material facts are only argumentatively averred. The complaint on demurrer is deemed to allege what can be implied from the allegation therein by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred."

Sage v. Culver, 147 N. Y. 241, 41 N. E. 513, and Kain v. Larkin, 141 N. Y. 144, 150, 36 N. E. 9, give expression to the same wholesome rule.

After the agreement the legal title remained in the vendor, but he held it as the trustee of his vendee. Upon the death of the vendor, the unpaid purchase money went to his administrator, but his heirs at law could be compelled to convey. Williams v. Haddock, 145 N. Y. 144, 39 N. E. 825. The payment to the administrator was therefore proper, and the purchaser had a right to insist that a conveyance of the legal title to him should be simultaneous with full payment of the balance of the purchase price.

A demurrer is also interposed to that part of the third paragraph of the answer which alleges "that the cause of action stated in this complaint did not accrue within twenty years before the commencement of this action." It is declared in this separate count that the defendant "repeats and realleges" the allegations of the second defense. The counsel for the appellant bases his criticism upon this defense that it is an attempt by the vendee to impugn the title of his vendor, which, of course, cannot be done. He asserts that adverse possession does not begin to run against the vendor until the purchaser has fully performed on his part, and confessedly he has not paid in full, or done what is equivalent to payment,—kept his tender good. Fosgate v. Hydraulic Co., 12 Barb. 352; In re Department of Public Parks, 73 N. Y. 560, 566. But the appellant is not in a situation to take advantage of these well-settled rules which he invokes. His demurrer is solely to that portion of the defense which sets up the statute of limitations. His argument is on the assumption that he has demurred to the plea of the statute, including the averments which reallege the equitable defense founded upon the agreement, which is set out at length in the second paragraph of the answer. He has carefully eliminated from his attack this preceding defense. The plea of

the statute of limitations, for aught we know, may be based upon a title wholly disconnected with the equitable defense. We are not called upon to construe it in the light of the other facts, but simply to determine whether, upon any phase of the case which may be presented, the defense is available to the defendant. More than 20 years have elapsed since he acquired possession, and he may be able to show some other title, or some other facts irrespective of his agreement, which may support his plea of the statute. We are not called upon to speculate what may arise, but presumptively he can give proof to sustain this defense, and he should not be debarred from so doing, which would be the result of a decision sustaining the demurrer to that part of this paragraph to which it relates. The last defense alleged may contain allegations which are unimportant, and possibly might be stricken out on motion, but we are of the opinion the part objected to is not demurrable.

The judgment should be affirmed, with costs to the respondent. All concur, except McLENNAN, J., not voting.