SELMA E. OLSON v. MINNESOTA & NORTH WISCONSIN RAILROAD
COMPANY.[1]

May 15, 1903.

Nos. 13,410—(70).

**Vendor and Purchaser—Possession.**

> Where it appears from a contract for the sale of land that the vendee
> is to pay interest upon the deferred payments, and all taxes upon the
> property, and that if he fails to make these payments the vendor may
> declare the contract null and void, and thereupon all payments which
> have been made, and all buildings and improvements upon the land,
> become the absolute property of the vendor, the vendee is entitled to
> immediate possession of the property, by necessary implication.

**Trespass Quare Clausum.**

> In order to maintain an action of trespass quare clausum by one not
> holding the legal title to land, and thus in constructive possession, he
> must show actual possession in himself at the time the alleged trespass
> was committed.

**New Trial.**

> *Held*, in the case at bar, that the plaintiff vendee failed to show suffi-
> cient possession of the premises—the legal title being in a vendor—
> to recover in an action of trespass quare clausum, but that, taking into
> consideration the manner in which the case was tried in the court below,
> it has been fairly brought within the rule laid down in Cruikshank v.
> St. Paul F. & M. Ins. Co., 75 Minn. 266, and therefore that the trial court
> was justified in denying defendant's motion for judgment notwithstand-
> ing the verdict, and in granting a new trial.

Appeal by defendant from an order of the district court for St.
Louis county, Cant, J., denying a motion for judgment notwith-
standing the verdict, and granting a motion for a new trial. Af-
firmed.

*John A. Keyes*, for appellant.

*John Jenswold, Jr.*, for respondent.

COLLINS, J.

This was an action of trespass quare clausum, in which the plain-

[1] Reported in 94 N. W. 871.

tiff had a verdict. Defendant made the alternative motion for judg-
ment notwithstanding, and, in case that was denied, for a new
trial. The court below denied the motion for judgment, but grant-
ed a new trial, and thereupon defendant appealed.

The premises in question consist of forty acres of partly tim-
bered wild land. The plaintiff alleged in her complaint that she
was the owner in fee, but at the trial it appeared that she had
simply a contract with the true owner, a corporation, under which
she was entitled to a deed of the forty acres upon making certain
payments of principal and interest, and complying with other
terms of the contract. She had made a part of the payments when
the trespass was committed, but not all.

1. Under this contract, we are of the opinion that the right of
possession was in the plaintiff, as the vendee. This results by
necessary implication from the contract itself, although the gen-
eral rule is, undoubtedly, that a vendor, as the holder of the legal
title, is prima facie entitled to possession of the land which he has
contracted to sell. It appears from the contract, which was made
in June, 1900, that the plaintiff vendee was to pay $320 as the pur-
chase price of the land, which was sold subject to certain reserva-
tions; one being that the C. N. Nelson Lumber Company should
have the right for a number of years to cut and remove all pine log
timber thereon. Payments were to be made in instalments of $53
each, commencing June 21, 1901. The deferred payments were to
bear interest at the rate of six per cent. The plaintiff was to pay
all taxes or assessments becoming due and payable subsequent to
the date of the contract. In case of default in the payments or in
any of the conditions, the vendor, at its option, could declare the
whole amount due and payable, or could declare the contract null
and void; and thereupon all payments which had been made, and
all buildings and improvements on the land, became its absolute
property, time being of the essence of the contract. There was no
express provision in this contract that the plaintiff should be en-
titled to possession, but, as before stated, we think that by implica-
tion the right of possession in the plaintiff as vendee resulted,
because of the various conditions with respect to interest, taxes,

and improvements we have mentioned. Such right is fairly to be implied from these burdens assumed by the vendee.

2. The legal title to the land remained in the vendor, subject to plaintiff's equities as vendee. Coolbaugh v. Roemer, 30 Minn. 424, 15 N. W. 869, and cases cited. And the constructive possession thereof was in the vendor, as the owner of the legal title, if no other person was in actual possession. Washburn v. Cutter, 17 Minn. 335 (361).

3. It is well settled that in order to maintain an action of trespass quare clausum by one not holding the legal title to land, and thus in constructive possession, he must show an actual possession in himself at the time the alleged trespass was committed. Moon v. Avery, 42 Minn. 405, 44 N. W. 257, and cases cited. See also 3 Boone, Real Prop. § 439, and note; 2 Greenleaf, Ev. § 619. The gist of the action is the disturbance of possession. Although the plaintiff at this trial attempted to show some acts of dominion over the property, there was a failure to show possession. In fact, part of the testimony which plaintiff's counsel claims tended to show it was stricken out upon his motion, evidently under a misapprehension. So the fact was that not only was there a failure to allege possession in the complaint, but no sufficient possession was shown at the trial; and for this reason, if for no other, plaintiff's right to recover was not established.

4. It is also true, as claimed by counsel for the defendant, that there was a variance between the pleading and the proof. The plaintiff alleged that she was the absolute owner in fee, and then simply showed that she held an unperformed executory contract for the purchase of the land in question. This contract gave her an equitable interest in the forty acres, but in this action she could not rely upon an equitable interest or title without specially pleading it. Freeman v. Brewster, 70 Minn. 203, 72 N. W. 1068.

5. From the record, we are not able to say that the question was raised that there was a fatal variance between the pleading and the proof until the case was about to be submitted to the jury, or that the attention of the court was drawn to the point until that time. None of the testimony which was introduced tending to show acts of dominion over or possession of the land by the

plaintiff seems to have been objected to upon this ground, and it is not at all improbable that the court, as well as defendant's counsel, disregarded such variance as immaterial, and that the former was satisfied that the defendant was not prejudiced thereby. In any event, there is nothing to show that the defendant was prejudiced in maintaining its defense upon the merits by reason of this variance. If this be so, the case comes clearly within the provisions of G. S. 1894, §§ 4988, 5262.

6. As the motion was in the alternative, we are of the opinion that, taking into consideration the manner in which the case was tried, it is fairly brought within the rule laid down in Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958, and subsequent cases, and that a new trial should be had. It follows that the court below was justified in refusing to order judgment notwithstanding the verdict.

Order affirmed.