TELLER v. SCHULZ et ux.

(Supreme Court, Appellate Division, Second Department.   January 17, 1908.)

1. VENDOR AND PURCHASER—CONTRACTS OF SALE—RIGHTS OF VENDOR.
    A vendor in a contract of sale holds the legal title in trust for the purchaser, and, when the contract does not provide in terms for possession by the purchaser, the vendor may remain in possession until performance by the purchaser.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 393-397.]

2. SAME—ACTS CONSTITUTING BREACH.
    A vendor, in a contract for the sale of realty which stipulated that he should give a warranty deed clear of incumbrances, except mortgages, etc., and which bound the purchaser to pay a part of the price in cash and secure the balance by mortgage on the day fixed for the completion of the contract, did not breach the contract by replying to the purchaser's demands to vacate that he would vacate provided the purchaser closed the title, and the purchaser could not rescind and recover the partial payment made.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 393-397.]

3. SAME.
    A vendor, retaining possession after performance by the purchaser, is not only subject to ejectment, but is liable for damages; and he does not, by continuing in possession, become by that act itself a tenant by sufferance.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 393-397.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Abraham Teller against Herman Schulz and another. From a judgment for defendants, plaintiff appeals.   Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Henry Hetkin, for appellant.
W. H. Burby, for respondents.

JENKS, J.  The plaintiff (vendee) appeals from a judgment for the defendants on the merits in an action in the Municipal Court to re-

cover $400 paid on account of a contract under seal for the conveyance of realty. The action rests upon nonperformance. Neither party offered evidence; but upon the allegations and the admissions of the written pleadings, and the admissions at the trial, both presented the facts for judgment. It is conceded that the question of nonperformance hangs upon the fact that the defendant was in possession of a part of the premises at the time the parties met to pass the title under their contract. The vendors had agreed to deliver a full-covenant warranty deed of the premises, free and clear of all incumbrances save the mortgages and certain monthly tenancies. The vendee under the contract had paid $400 on account, was to pay $4,600 in cash at the closing of title, and also was to secure the consideration by certain mortgages. The contract did not provide that defendant should be a monthly tenant. On the closing day the plaintiff demanded a vacation of the premises by the defendants; but the defendants answered that they would vacate, provided the plaintiff closed the title. The plaintiff thereupon refused to close the title, and the negotiation was thus ended.

After the contract was executed the legal title was in the vendors, who held the premises as trustees for the vendee. Williams v. Haddock, 145 N. Y. 144, 39 N. E. 825; Sample v. Lyons, 59 App. Div. 456, 69 N. Y. Supp. 378. As the contract did not in terms provide for possession by the vendee, there was no license to him to enter. Fagan v. Scott, 14 Hun, 162, and authorities cited. The vendors were entitled to retain possession until the payment of the consideration. Sugden on Vendors (Perkins' Notes) p. 270, note 6, and authorities cited. The plaintiff was entitled to a marketable title; but the contract was not broken by the mere fact that on the day of performance there was some incumbrance or lien which the vendors can obviate. Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080; Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287. See, too, Karker v. Haverly, 50 Barb. 79-85. The sole incumbrance was a possession only asserted until the title passed, which, so far as it appears, the vendors could terminate at once, and which they then offered to terminate forthwith. After the vendee had fully performed on his part, "it must have been understood that he was to have possession"; and after the vendee "had paid the full consideration, in reliance upon the promise of the defendant to give him the title to the land, there was an implied consent on the part of the defendant that he might take possession as owner." Miller v. Ball, 64 N. Y., at page 293.

The materiality of the alleged defect was a question of fact. McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527. Even in "the absence of any evidence to the contrary, it could not be inferred that in such a case the vendor intended to retain the use of both the land and the consideration paid therefor." Miller v. Ball, supra. And in this case, as I have said, the defendants stated at the time that they would vacate forthwith when the title was closed. It is true that they might have broken their word; but this was but a possibility, founded upon no existing fact or statement. Such a possibility did not warrant the vendee to withdraw on the ground that the defendants had failed to perform. Maupin on Marketable Titles, p. 707, and cases cited;

Moser v. Cochrane, 107 N. Y., at page 41, 13 N. E., at page 442; Stevenson v. Polk, 71 Iowa, 278, 32 N. W. 340. It is not to be assumed that the defendants, belying their word and in defiance of all legal right, would persist in a possession which could establish no contract relation, but which would subject them, not only to ejectment, but to a response in damages for their unlawful conduct. Preston v. Hawley, 101 N. Y. 586, 590, 5 N. E. 770. For such a continuance would not in itself constitute him even a tenant on sufferance. Rowan v. Lytle, 11 Wend. 617.

The judgment is affirmed, with costs. All concur.