[Civ. No. 1658. First Appellate District.—March 25, 1916.]

WICKHAM HAVENS et al., Appellants, v. COUNTY OF
ALAMEDA, Respondent.

TAXATION—CHURCH PROPERTY—CONSTRUCTION OF CONTRACT OF SALE.—
Where a contract for the sale of real property belonging to a reli-
gious corporation, and used exclusively for religious purposes, provides
that the church is to retain the possession of the property for a
designated period upon the payment of a stipulated rate of interest
upon the paid-up installments of the purchase price in lieu of rent,
the beneficial ownership of the property is in the vendee pending
the payment of the remainder of the purchase price, and the church's
use and occupation is in effect that of a tenant, and consequently
the property is not exempt from taxation under the provisions of
section 1½ of article XIII of the constitution.

APPEAL from a judgment of the Superior Court of Ala-
meda County. Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

John J. Allen, and H. G. Tardy, for Appellants.

W. H. L. Hynes, District Attorney, W. J. Burpee, and
Theodore Wittschen, Deputies District Attorney, for Respond-
ent.

LENNON, P. J.—Section 1½ of article XIII of the consti-
tution of California provides that "All buildings, and so
much of the real property on which they are situated as may
be required for the convenient use and occupation of said
buildings, when the same are used solely and exclusively for
religious worship, shall be free from taxation; provided, that
no building so used which may be rented for religious pur-
poses and rent received by the owner therefor shall be exempt
from taxation."

The plaintiff in this action sought to recover the sum of
$1,683.60 paid under protest to the tax collector of the county
of Alameda as state and county taxes for the year 1912, assessed
against certain real property, which, it was alleged, was being
used at the time of the levy exclusively for religious purposes.
The defendant's defense of the action was rested primarily
upon the affirmative allegations of its answer to the effect that,

although the property in question was being used exclusively for religious purposes by the First Methodist Episcopal Church of Oakland, nevertheless prior to and at the date of the assessment (Monday, March 12, 1912) the beneficial ownership of the property was, by virtue of a pre-existing executory contract of sale, in the plaintiffs, and that the church's occupation and use of the property was in fact that of a tenant, for which it had agreed to pay and did pay to the plaintiffs a stipulated rental.

The appeal, which is from a judgment entered in favor of the defendant, comes here upon the judgment-roll accompanied by an agreed statement of facts in lieu of formal findings, which shows that the facts of the case upon which the judgment rests are substantially these: The subject matter of the assessment in controversy consisted of certain real property situated in the city of Oakland, upon which there had been erected by the First Methodist Episcopal Church a building which, at the time of the assessment and for a long time prior thereto, had been used by the church exclusively for religious purposes. On the eighteenth day of January, 1911, plaintiffs' assignors entered into an executory contract of purchase and sale with the First Methodist Episcopal Church, by which the former agreed to purchase and the latter agreed to sell the property in question for the sum of two hundred and seventy-five thousand dollars. Said contract, after reciting the terms and conditions upon which the several installments of the purchase price should be paid, provided that "the party of the first part (the Church) is to have full and exclusive possession and enjoyment of all of the above described real property and premises up to and until the 1st day of April, 1912, . . . without paying any rent or charge therefor except as herein provided, and that said party of the first part, in consideration thereof and of the covenants and agreements on the part of the said party of the second part herein contained, does hereby agree to pay to said party of the second part, his heirs and assigns, on the 1st day of April, 1912, interest at the rate of four per cent per annum on all of the aforesaid payments from the date when the same are made to the 31st day of March, 1912."

The only point made in support of the appeal is that the judgment is not supported by the facts found in the agreed statement; and, in this behalf, it is conceded that the judg-

ment must stand or fall upon the construction to be given to the executory contract of sale, and particularly to that clause thereof hereinbefore quoted relating to the church's use and occupation of the property for a designated period upon the payment in lieu of rent of a stipulated rate of interest upon the paid-up installments of the purchase price. The plaintiffs insist that the executory contract in question did not confer the beneficial ownership upon the vendee pending payment of the purchase price, and that therefore that clause of the contract giving the possession, use, and occupation of the property to the church pending performance of the contract in consideration of its payment of interest upon the paid-up installments of the purchase price cannot be construed to mean that the church's possession at the time of the assessment was in effect that of a tenant.

This contention cannot be sustained. It will be conceded that it is the rule generally that an executory contract of purchase and sale does not have the effect of diverting the legal title to the property which may be the subject of the contract from the vendor, and transferring it to the vendee. Under such a contract the vendee acquires only an equitable title to the property, and consequently is not entitled as a matter of right to the possession of the property. (*Willis* v. *Wozencraft*, 22 Cal. 608; *Jackson* v. *Torrence*, 83 Cal. 521, [23 Pac. 695]; *Deputy* v. *Mooney*, 97 Ind. 463; *Teller* v. *Schulz*, 123 App. Div. 883, [108 N. Y. Supp. 325].) The right of possession remains in the vendor pending performance of the contract unless it be expressly or impliedly provided that the vendee shall have possession (*Fitch* v. *Windram*, 184 Mass. 68, [67 N. E. 965]; *Corning* v. *Loomis*, 111 Mich. 23, [69 N. W. 85]; *Olson* v. *Minnesota etc. Ry. Co.*, 89 Minn. 280, [94 N. W. 871]; *Sample* v. *Lyons*, 59 App. Div. 456, [69 N. Y. Supp. 378]; *Krakow* v. *Wille*, 125 Wis. 284, [4 Ann. Cas. 1016, 103 N. W. 1121]). And where the contract so provides the vendee is entitled to the beneficial use of the property, and, therefore, even though his title be only equitable, it carries some of the incidents of an absolute ownership such as personal occupation and the right of leasing the property to others. (*Fitch* v. *Windram*, 184 Mass. 68, [67 N. E. 965]; *Nearing* v. *Coop*, 6 N. D. 345, [70 N. W. 1044].)

While the contract in controversy here does not expressly give the plaintiffs' assignor the right to the possession, use,

and occupation of the property pending the performance of the contract, nevertheless the granting of that right may be fairly inferred from that clause of the contract which provides that the church shall retain the possession, etc., without paying rent save in the form of interest upon the paid-up installments of the purchase price. This clause of the contract compels the conclusion, we think, that it was the intent of the parties that pending performance the vendees were to have the possession and beneficial ownership of the property with all of the incidents ordinarily appertaining thereto. Consequently it must be held that the church's use and occupation of the property was in effect that of a tenant; and it is idle to argue that the interest which the church was required to pay upon the paid-up installments of the purchase price cannot be considered as rent. Such interest was to be paid as a return or compensation for the use of the property, and was therefore rent in the broad legal sense of the term. (Bouvier's Law Dict.; *Schuricht* v. *Broadwell*, 4 Mo. App. 160.)

For the reasons stated we are of the opinion that the contractual relation of the church and the vendee was, at the time of the assessment, and at all times subsequent thereto, to all intents and purposes that of landlord and tenant. Consequently the property in question was not exempt from taxation.

The judgment appealed from is affirmed.

Kerrigan, J., and Richards, J., concurred.