CAREY-LOMBARD LUMBER COMPANY v. A. G. BIERBAUER
and Others.

June 8, 1899.

Nos. 11,592—(158).

**Mechanic's Lien—Interest of Equitable Owner Subject to Lien.**

The legal owner of a city lot verbally agreed with another person, his son, that he would furnish the money needed to erect a dwelling house on the lot; that when the house was completed the son might occupy it as a residence; that he might thereafter purchase the property by paying the cost of the house and a stated sum for the lot; and that when such payment was made the premises should be deeded to the son. The latter then, in his own name, entered into a written contract with a builder for the erection of a house on the lot, and when it was completed entered into occupation, and has ever since and still does occupy it. The builder was paid in full, in part by the father and after his death the balance out of his estate. *Held*, in an action to enforce a lien for materials used in the erection of the house, that, as to the lien claimant, the son was the equitable owner of the property, and that he had an interest which was subject to the lien.

**Same—Enforcement—Nonjoinder of Legal Owner.**

This interest may be proceeded against and the lien enforced without joining the legal owner of the lot as a defendant in the action. And a sale, under decree, of the equitable owner's right, title, and interest in the premises may be had before the extent of such interest has been judicially ascertained.

Action begun in 1894 in the district court for Blue Earth county to recover $298.72 for materials furnished for the construction of a dwelling house, under a contract made in 1893 with defendant Kotthoff, and to enforce a mechanic's lien for that amount. The case was tried before Severance, J., who made findings of fact and,

as conclusions of law, found that plaintiff was entitled to judgment against defendant Kotthoff for $394.63, but was not entitled to a lien. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*C. O. Dailey* and *Lorin Cray*, for appellant.

The interest of one in possession, who under a contract of purchase erects a building, is chargeable with a lien in favor of a material man or laborer. King v. Smith, 42 Minn. 286; Hill v. Gill, 40 Minn. 441; Pinkerton v. Le Beau, 3 S. D. 440; Hickey v. Cullom, 47 Minn. 565; Jameson v. Gile, 98 Iowa, 490; 2 Jones, Liens, § 1257. The entry under an oral contract and erection of improvements take the case out of the statute of frauds. Pfiffner v. Stillwater & St. P. R. Co., 23 Minn. 343; Brown v. Hoag, 35 Minn. 373. "Owner" means equitable owner. Atkins v. Little, 17 Minn. 320 (342); Benjamin v. Wilson, 34 Minn. 517; Irish v. Lundin, 28 Neb. 84; Brown v. Jones, 52 Minn. 484. The interest of defendant A. G. Bierbauer being subject to a lien, it can be enforced without joining the owner of the legal title, and defendant's interest may be sold before it is judicially ascertained. Sheppard v. Messenger, 107 Iowa, 717. The equity in the house and lot is subject to the lien. King v. Smith, supra; Boyd v. Blake, 42 Minn. 1.

*Pfau & Pfau*, for respondent.

Defendant A. G. Bierbauer never had any interest in the property, and plaintiff is not entitled to maintain the action. Steinmetz v. St. Paul T. Co., 50 Minn. 445. No judgment to enforce a lien can be rendered unless the owner is made party, nor can there be a sale without a judgment against him. Malmgren v. Phinney, 50 Minn. 457; Burbank v. Wright, 44 Minn. 544; 15 Am. & Eng. Enc. 165; Hughes v. Torgerson, 96 Ala. 346; 2 Jones, Liens, § 1572; Ayres v. Revere, 25 N. J. L. 474; Macintosh v. Thurston, 25 N. J. Eq. 242; Green v. Sanford, 34 Neb. 363; Phillip, Mech. Liens, § 393.

COLLINS, J.

Action to foreclose a lien for material furnished for a dwelling house erected under a contract between defendant Kotthoff and defendant A. G. Bierbauer, the other defendant, Lillie, being his

wife. The court, upon findings of fact, ordered a personal judgment against Kotthoff, who was the contractor, but refused judgment for a lien. It was error for the court below to deny plaintiff a lien on the property in question to the extent claimed, namely, upon the interest, whatever it might be, of the defendants Bierbauer in the premises.

The facts as found by the court were that defendant A. G. Bierbauer's father, William Bierbauer, was the owner in fee of the city lot on which the house was built; that prior to its erection it was. orally agreed between the father and son that the former should furnish the money to erect the dwelling house; that the son should occupy the premises; that when he wished to purchase the same of the father he might do so by paying the cost of the house and the further sum of $500, the original cost of the lot; that when he so paid the property should be deeded to him; and that until such payment the premises should belong to the father. The son entered into a personal written contract with Kotthoff for the erection of the house. The father died testate before it was completed, leaving, surviving him, a widow and several children. A part of the contract price agreed upon between the son and Kotthoff was. paid by the father in his lifetime, and the balance, less a certain sum deducted by the son on account of a failure on the part of Kotthoff to complete the house at an agreed time, was paid out of the father's estate. After the house was completed, the son moved in and occupied it as a residence, under the oral agreement,. and was so occupying it when this action was tried.

It is contended by defendant A. G. Bierbauer that upon these findings it conclusively appears that he had no interest whatever in the premises upon which a lien for material furnished by plaintiff could attach; that, as the agreement with the father was oral and without consideration, it was within the statute of frauds, and nonenforceable; and that there was no part performance which would take it out of the statute. If this were all true, it would not follow that A. G. Bierbauer, who entered into the contract, with Kotthoff, and who in fact erected the building, although, as. agreed upon, the money therefor was furnished by the father, and who thereafter entered into actual occupancy, and ever since has

continued the occupation, has no interest in the premises upon which plaintiff's lien can be fastened. But it is not true. No hard and fast rule can be laid down by which to determine when any particular case is taken out of the operation of the statute of frauds by an entering upon and taking possession by a purchaser, or by the making of improvements. The principle to be applied and the views of the court upon the subject may be found in Pfiffner v. Stillwater & St. P. R. Co., 23 Minn. 343, Brown v. Hoag, 35 Minn. 373, 29 N. W. 135, and Slingerland v. Slingerland, 39 Minn. 197, 39 N. W. 146, in which many cases are considered, and Mournin v. Trainor, 63 Minn. 230, 65 N. W. 444. The principle which must control and is to be applied to a given state of facts is well settled, and need not be repeated here.

In this particular case it is manifest that on the strength of the oral agreement on the part of the father, who owned the lot, to furnish money for the erection of the house, to allow the son to occupy the same when completed, to allow him thereafter to purchase the entire premises by paying what the house should cost, and the sum of $500, what the lot originally cost, and, on such payment, to receive a conveyance of the property, the latter entered into the building contract with Kotthoff in which he personally bound himself to pay the agreed price, caused the house to be built, then moved into it, and for a number of years has occupied, and still continues to occupy, it as a residence. Through this offer the elder Bierbauer gave to the younger an option on the property. The acts of the son related to and were connected with this option or contract, and the father's performance of it. The latter, when living, must have known that the contract was entered into by the former and the house built and the other acts performed in reliance on the verbal agreement. If the son had brought an action for specific performance, he would certainly prevail; for in reliance upon the oral agreement, and in pursuance or performance of it, he has so far altered his position as to incur "an unjust and unconscientious injury and loss" in case the statute were permitted to defeat recovery. It follows that the defendant A. G. Bierbauer had an equitable interest in the property. He was the equitable owner.

The word "owner," in the lien statute, has always been construed

to include and mean the equitable owner, as well as the person who holds the legal title. His interest, therefore, whatever it may prove to be, was subject to the plaintiff's lien. This interest can be proceeded against and the lien enforced as to it without joining the legal owner as a defendant in the same action. And a sale, under decree, of the equitable owner's right and interest may be had before the extent of such interest has been judicially ascertained. This disposes of the case.

The order appealed from is reversed, and upon the filing of a remittitur the trial court will amend its conclusions of law so as to make the amount found to be due the plaintiff a specific statutory lien on the right, title, and interest of the defendants Bierbauer in the real estate in question, and for the entry of judgment in accordance therewith.