Ernest PUDWILL and Gunda I. Pudwill,
Plaintiffs and Appellants,

v.

BISMARCK LUMBER COMPANY; Western Concrete Products; W. T. Jennings Lumber Company, Inc., Jennings Lumber Company; Santo Consolini; Lenus Ternes; Thomas C. Weddle; Glen Perman; Wesley Perman; Milton Gohring; Monson Contracting Company; Earl Ode; The Travelers Insurance Company, a foreign corporation; Industrial Acceptance Corporation, a foreign corporation; North Dakota Broadcasting Company, Inc., a corporation; and all other persons unknown, claiming any estate or interest in or lien or encumbrance upon the property described in the complaint; Defendants and Respondents.

No. 7706.

Supreme Court of North Dakota.

April 7, 1958.

Rehearing Denied April 28, 1958.

Rausch & Chapman, Bismarck, for appellants.

Cox, Pearce & Engebretson, Bismarck, for respondents, Western Concrete Products and Bismarck Lumber Co.

Strutz, Jansonius & Fleck, Bismarck, for respondents, W. T. Jennings Lumber Company, Inc.

Fred E. Saefke, Jr., Bismarck, for respondent Fred J. Hessinger Plumbing & Heating.

W. J. Austin, Bismarck, for respondent, Wesley Perman.

CLIFFORD SCHNELLER, District Judge.

The above entitled action is one brought to quiet title to Lot 8, Block 2, of Lounsberry's Outlots 17, 18, 19, 20, and 24 of the City of Bismarck, Burleigh County, North Dakota. The summons and complaint are in statutory form.

The following named respondents, among others, to wit, W. T. Jennings Lumber Co., Fred Hessinger Plumbing and Heating Co., Bismarck Lumber Company, Western Concrete Products, and Wesley Perman, interposed answers. The respondents herein, with the exception of Wesley Perman, by their answers claimed mechanics liens for materials furnished in the construction of a dwelling on the above described premises, and failure to pay for such building materials and equipment, and alleging a notice of intention to file a mechanics lien demand for payment and the filing of a mechanics lien for materials furnished. The defendant, Wesley Perman, by his answer claimed a mechanics lien for labor actually performed on the described premises and the filing of a mechanics lien for labor. After a trial in the District Court of Burleigh County, the District Court found the plaintiffs to be the owners of the premises involved at the time of the commencement of the action, and further found that the respondents furnishing materials had valid mechanics liens for materials furnished, and that the respondent, Wesley Perman, had a valid mechanics lien for labor performed in the construction of the dwelling on the premises.

The facts in this action are substantially as follows: R. & H. Construction Company, Inc., a South Dakota corporation,

whose president was R. H. Hillestad, and whose vice president was Wanda M. Hillestad, replatted Lounsberry's Outlots 17 to 20, inclusive, and 24, to the City of Bismarck, North Dakota, on May 10, 1954, which replatting was recorded thereafter on June 3, 1954. On September 8, 1954, R. & H. Construction Company, Inc., as grantor deeded to one Quentin S. Gonser as grantee, said Lot 8, Block 2. According to the testimony of Ernest Pudwill, one of the appellants, on October 5, 1955, he entered into an agreement with one Kenneth Ereth, a salesman for R. & H. Construction Company, Inc., to purchase from R. & H. Construction Company, Inc. Lot 8, Block 2, of said outlots and with the understanding and agreement that R. & H. Construction Company, Inc., was to erect a dwelling thereon for a total consideration of $10,000, including the lot, which was figured at $1,200. Appellants paid R. & H. Construction Company, Inc., $500 down, the time of payment of the balance not being shown by the evidence but evidently a loan was to be obtained by appellant to pay the balance to be owing to R. & H. Construction Company, Inc. when the dwelling was completed. Soon after the purchase agreement was made R. & H. Construction Company, Inc. commenced the construction of a dwelling. There was some written memorandum of the sale and purchase but the written memorandum was never recorded and was not admitted in evidence due to the objection thereto that the contract was unilateral only. having been executed by the appellant, Ernest Pudwill.

On November 18, 1955, Wanda M. Hillestad and Raymond H. Hillestad, as mortgagors, executed a mortgage to First Federal Savings and Loan Association of Bismarck, North Dakota, as mortgagee, against said premises, the consideration stated being $15,000. On Nov. 23 1955, Quentin S. Gonser and wife, as grantors, deeded said premises to Wanda M. Hillestad as grantee. On January 23, 1956, Raymond H. Hillestad and Wanda M. Hillestad, husband and wife, as grantors, deeded said premises to the appellants. This deed was recorded June 29, 1956.

Sometime in the latter part of December, 1955, or the early part of January, 1956, R. & H. Construction Company, Inc. abandoned the construction of the dwelling after having it enclosed and the windows in but leaving the interior unfinished and the painting undone. The appellant, Ernest Pudwill, in his testimony estimated that $5,000 worth of labor and material had gone into the dwelling prior to abandonment of the building by R. & H. Construction Company, Inc. The respondents, W. T. Jennings Lumber Company, Inc., Bismarck Lumber Company, Western Concrete Products, and Fred Hessinger Plumbing and Heating had furnished materials and some labor that went into the construction of the partially completed dwelling, and Wesley Perman had performed some labor. The material-men had, prior to the commencement of this action, given notice of intention to file mechanics liens for materials furnished and had filed mechanics liens against said premises. The respondent, Wesley Perman had filed a labor lien.

The record further shows that on August 2, 1955, a judgment was entered against R. & H. Construction Company, Inc. in the sum of $5,524.60; that on June 4, 1955, the United States of America filed a Federal Lien against R. & H. Construction Company, Inc. for $4,716.03; that on October 13, 1955, the United States of America filed a further lien against R. & H. Construction Company, Inc., for $2,266.34; and that there were a number of judgments and Federal liens filed against Ray H. Hillestad and Raymond H. Hillestad, totalling approximately $7,500.

The appellants' contention is that under the statutes relating to mechanics liens it is necessary for a material-man about to furnish material to a contractor to give the owner of the property notice of the furnishing of the materials to the contractor, and that the respondents furnishing mate-

rial having failed to give notice to the appellants that they were about to furnish material to R. & H. Construction Company, Inc., made any mechanics lien later filed void.

The material-men, who are respondents herein, contend that R. & H. Construction Company, Inc. in truth and in fact was the owner of the premises, and that Quentin S. Gonser and Wanda M. Hillestad merely held the naked legal title with the real owner R. & H. Construction Company, Inc., and as the materials were furnished to R. & H. Construction Company, Inc., no notice was required by the statute.

■ As to the Wesley Perman labor lien, it is the contention of the appellants that there was not such an itemized account kept separate and apart as to the work and labor done by Wesley Perman on the structure involved. As to the lien of Wesley Perman for labor in the sum of $20.67, there is no legal necessity under the statutory law of the State of North Dakota, for a laborer to give notice to the owner of the property that he is about to perform work and will claim a lien therefor. The mechanics lien for labor filed by Wesley Perman is broken down to the hours and rate per hour and the dates upon which the work was performed, and no valid objection can be had thereto. Consequently the judgment of the District Court allowing the Wesley Perman labor lien for $20.67 is affirmed.

The statutes of the State of North Dakota, bearing on the questions raised by the plaintiffs-appellants in this action, so far as pertinent, are as follows:

"35-1201. *Definitions.* In this chapter, unless the context or subject matter otherwise requires:

"1. Materials shall include machinery and fixtures;

"2. Improvement shall include construction or repair of any work of internal improvement, and erection, alteration, and repair of any buildings or other structures;

"3. Structures shall include fences, sidewalks, pavings, wells, grades, drains, and excavations;

"4. Owner shall mean and include every person for whose immediate use and benefit any building, erection, or improvement is made, having the capacity to contract, including guardians of minors or other persons; and

"5. Subcontractor shall include all persons furnishing things or doing work provided for by this chapter except such as have contracts therefor directly with the owner, proprietor, his agent, or trustee."

"35-1203. *Who Entitled to Mechanic's Lien; Notice of Contract.* Any person who performs or furnishes any labor or furnishes any materials for the improvement or erection of any building or other structure upon lands, or in making any other improvements thereon, under a contract with the owner of the land or with his agent, contractor, or subcontractor, or with the consent of the owner, upon complying with the provisions of this chapter, shall be entitled to a lien upon such building or other structure and upon the land on which the improvements are situated, or to improve which said work was done or work or materials furnished, to secure the payment for such labor and materials."

"35-1204. *Itemized Account and Demand Conditions Precedent to Obtaining Lien for Materials.* No person furnishing materials shall be entitled to a lien under this chapter unless he shall:

"1. Keep an itemized account thereof separate and apart from all other items of account against the purchaser;

"2. Make a written demand for payment of such account at least fifteen days prior to the filing of the lien; and

"3. File with the clerk of the district court of the county in which the land, building, or improvement is situated a notice in writing signed by the persons entitled to the mechanic's lien or by his authorized agent stating:

"a. The name of the person in possession of the land;

"b. The description of the property to be charged with the lien;

"c. The date of the contract; and

"d. That a mechanic's lien against the building, improvement, or premises will be perfected according to law unless the account shall have been paid."

"35–1205. *Materials Furnished to Contractor or Subcontractor: Separate Accounts Required; Notice to Owners.* If the materials are furnished to a contractor or subcontractor, a lien cannot be obtained under this chapter unless the party furnishing the materials:

"1. Shall keep a separate account against such contractor or subcontractor of the materials furnished for use in the construction, alteration, repair, or improvement of the property of each separate person, unless the property is owned by several persons jointly or as cotenants, in which case such joint owners or cotenants shall be deemed a person; and

"2. Shall have notified the owner of the premises upon which the materials are to be used, or one of the owners in case of joint ownership or ownership in common, by registered mail, immediately after the making of the contract with the contractor or subcontractor, that he is about to furnish the materials, and such notice shall give the probable charge therefor."

"35–1206. *Mingling of Charges Defeats Right to Lien.* The mingling of charges for materials to be used in the construction, alteration, repair, or improvement of the property of different persons, except in the cases of joint ownership or ownership in common, shall defeat the right to a lien against either or any of such persons."

"35–1208. *Consent; When Implied.* The owner of the property upon which the labor is performed or for which the materials are furnished shall be presumed to have consented to the performance of such labor or the furnishing of such materials if he had knowledge thereof at the time the labor was performed or the materials furnished and did not give notice to the person furnishing the same of his objections thereto."

It is not disputed that the respondents furnished some of the materials going into the construction of the dwelling, nor is the amount of their claims for this material disputed.

[3] It is admitted, or at least not contested, that where the owner contracts directly with the material-men for the purchase of material going into the construction of a building, it is not prerequisite to the filing of a lien for the material-men to give notice to the owner that he is about to furnish the materials contracted for. North Dakota Lumber Co. v. Bulger, 19 N.D. 516, 125 N.W. 883.

Consequently the only question for decision is whether the respondents furnishing material for the construction of the dwelling should have given statutory notice to the appellants, or at least the record title owners of the premises, that they were about to furnish such material to the R. & H. Construction Company, Inc. If

R. & H. Construction Company, Inc., falls within the statutory definition of the word "owner" no statutory notice to anyone that such materials were about to be delivered to R. & H. Construction Company, Inc. would be required.

By Paragraph 4 of Section 35–1201, supra, an "owner" shall mean and include every person for whose immediate use and benefit any building, erection or improvement is made, having the capacity to contract, including guardians of minors or other persons.

In the early North Dakota case of Mahon v. Surerus, 9 N.D. 57, 81 N.W. 64, this court held that where a party resided on land contracted for materials to erect a house on such land, he was the "owner" of the land under the mechanics lien law even though he had no title to the land.

■■ In the case of Salzer Lumber Co. v. Claflin, 16 N.D. 601, 113 N.W. 1036, 1037, this court said:

"The lien law, designed to protect materialmen and laborers, should be liberally construed to effectuate that purpose. The definition given by the statute to the word 'owner' is a very broad one, and excludes all idea that a lien is only given to the fee owner. * * * The statute (section 6243), in express terms, permits the lienholder to enforce his lien to the extent of all the right, title, and interest of the owner. This precludes the idea that there must be absolute ownership in fee before the lien attaches."

"Where a member and officer of a company holds the legal title to land belonging to [the company], and superintends the construction of a building thereon, he is the owner, within the mechanic's lien law * * * giving a lien to any person who shall, by contract 'with the owner of any lot or piece of land, furnish labor or material.' * * * The word 'owner,' in the statute, included the owner in equity as well as at law. It 'covers one who has the equitable title.'" Springer v. Kroeschell, 161 Ill. 358, 43 N.E. 1084.

"The word 'owner,' in the [mechanics'] lien statute, has always been construed to include and mean equitable owner, as well as the person who holds the legal title. His interest, therefore, whatever it may prove to be, is subject to the plaintiff's lien." Carey-Lombard Lumber Co. v. Bierbauer, 76 Minn. 434, 79 N.W. 541, 542.

■ The facts in this case can lead to only one conclusion and that is that R. & H. Construction Company, Inc. had an interest in the real property in question at the time it contracted for the furnishing of materials from the respondents. Its ownership and dominion over this real property is plainly shown by the facts. While the legal title was in Quentin S. Gonser, it contracted for a sale of the lot with the appellants; it prepared, and appellant, Ernest Pudwill, signed, some sort of an agreement that on the payment of the total sum of $10,000 the appellants would become the owners of the lot and the dwelling to be erected thereon; it took and accepted a $500 cash down-payment from the appellants as a part of the agreement to sell him the lot and erect the dwelling thereon. Prior to the deed from Quentin S. Gonser to Wanda M. Hillestad, Wanda M. Hillestad and Raymond H. Hillestad executed a mortgage against the premises even though the bare legal title was not in the name of either. This tends to show that they could procure a deed from Quentin S. Gonser at any time that they so desired, and this is verified by the fact that a few days later Wanda M. Hillestad did obtain a deed from Quentin S. Gonser. By contracting with the appellants for the sale of the property, accepting a payment of $500, and thereafter entering upon the property and starting the construction of a dwelling in accordance with the terms of the contract with the appellants R. & H. Construction Company, Inc. demonstrated that it had dominion and

control over such property and was the equitable owner thereof no matter who held the bare legal title.

The equitable owner contracted for the materials for which liens are claimed. The respondents who furnished this material were not required to give notice to the title owner that the materials were about to be furnished. Their liens are valid.

The judgment of the district court is affirmed.

GRIMSON, C. J., and SATHRE, MORRIS and BURKE, JJ., concur.

JOHNSON, J., deeming himself disqualified did not sit; CLIFFORD SCHNELLER, District Judge, sitting in his stead.