Michael SCHAFFER and Pauline Schaffer, Plaintiffs and Respondents,

v.

W. Hinkel SMITH, W. Hinkle Smith, W. Hinckle Smith, Mart B. Koon, W. P. Martin, William P. Martin, Wm. P. Martin, W. T. Jennings Lumber Co., a corporation, Dakota Appliance Co., a corporation, Kenneth Hessinger, Monson Contracting Co., a corporation, Donald Henschel, Bismarck Lumber Co., a corporation, Atlas Ready-Mix, a corporation, Hessinger Plumbing Co., Fred J. Hessinger, an individual, d/b/a Fred J. Hessinger Plumbing and Heating Co., Midwest Floor Covering Co., a corporation, Glen Perman, Thomas Fitzsgibbons, Lawrence Schubert, and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the Complaint, Defendants and Appellants.

No. 7927.

Supreme Court of North Dakota.

Feb. 6, 1962.

Rehearing Denied March 22, 1962.

Jansonius, Fleck, Smith, Mather & Strutz, Bismarck, for W. T. Jennings Lumber Co., Fred E. Saefke, Jr., for Hessinger Plumbing & Heating, E. J. Rose, Bismarck, for Bismarck Lumber Company and Western Concrete Products.

Rausch & Chapman, Bismarck, for plaintiffs and respondents.

CLIFFORD SCHNELLER, District Judge.

The above action is one to quiet title to the following described real estate situated in Burleigh County, North Dakota, to-wit:

The East 55 feet of the West 125.73 feet of the North 242 feet of Block 7 of Lincoln Addition to the City of Bismarck.

The complaint is in statutory form.

The defendants who are appellants here, W. T. Jennings Lumber Co., a corporation, Bismarck Lumber Company, a corporation, and a partnership variously described as Hessinger Plumbing & Heating Co. and Fred Hessinger Plumbing & Heating Co., interposed answers, in which they allege in substance that they are lien-holders by virtue of having filed mechanics' liens against the above described real estate for materials furnished, and, in the case of Hessinger Plumbing & Heating Co., for materials and labor furnished and performed, in the erection and construction of a dwelling upon such property.

This action was consolidated for trial with other actions that involved substantially the same question of law and fact.

The trial court found for the plaintiffs herein and against the appellants and ordered that the mechanics' liens filed by appellants against the said described property were null and void.

The issues involved require a recitation of the facts, and as such facts are in the main undisputed they are as follows: R & H Construction Co. was a corporation originally chartered in South Dakota on February 3, 1953. In November, 1953, this corporation was authorized to do business in North Dakota. It was a family corporation consisting of Raymond H. Hillestad and his wife Wanda Hillestad, with another outstanding share the ownership not being mentioned in the evidence. The main activity of the corporation was to construct low-cost housing units on a fairly large scale at Bismarck. To interest the buying public in low-cost homes, the Corporation erected a model home and had a basic plan drawn of the type of home that was to be constructed. This basic plan was placed in the hands of real estate agents and brokers in Bismarck with the understanding that the real estate firms would attempt to interest prospective home owners in building homes to be constructed by the Corporation. Just

what the commission of the real estate brokers on a sale would be is not disclosed by the evidence, but from the down-payment to be paid by the purchaser the real estate broker deducted his commission and turned over the balance to the Corporation. Vacant lots were made available upon which the homes could be constructed, or the prospective purchasers could purchase their own lots. The plaintiffs were contacted by Hettick Real Estate Agency of Bismarck and shown the model home and the basic plans around which a home could be constructed, with some alterations permitted. Plaintiffs became interested and made a down-payment to Hettick Real Estate Agency of $750, evidenced by two payments totaling that amount, and signed a contract with R & H Construction Co. to construct a home upon the basic plan with some individual alterations being made by the plaintiffs, for a total agreed price of $10,750. The plaintiff Pauline Schaffer had a brother living in South Bismarck whose home was next to a vacant lot owned by Paul Willmann. Plaintiffs desired to construct their home on this vacant lot, and to that end sometime in August or early September of 1955 they contacted Mr. Willmann, who agreed to sell them the lot for $1,000. The plaintiffs had previously made arrangements with Consumer Sales Co., a corporation, to make a loan on the home to be constructed for $10,000. Under the arrangements made with Consumer Sales Co. the mortgage money was never turned over to plaintiffs, but was to be paid out to R & H Construction Co., in three stages: the first stage being when the house was enclosed and the electrical, plumbing, heating and ventilating equipment was roughed in, prior to insulating and plastering; the second stage was when the insulating and plastering was completed and the house completely closed in; the third stage was when the house was finally completed and accepted. The mortgage given by plaintiffs to Consumer Sales Co. was dated October 11, 1955, recorded October 17, 1955, and assigned by Consumer Sales Co. to Fidelity Loan Company, a corporation, on October 13, 1955. On or about October 12, 1955, Mr. Quentin S. Gonser, President of Consumer Sales Co., at the request of an officer of Fidelity Loan Company, contacted Paul Willmann, paid him $1,000 from the mortgage money and received a deed from him as the grantor to the plaintiffs as grantees of the above described real estate. The deed was dated October 12, 1955, and recorded October 17, 1955. R & H Construction Co. commenced the construction of the home sometime in September of 1955, purchased materials that went into the construction of the home from the appellants herein, W. T. Jennings Lumber Co. and Bismarck Lumber Co. In the forepart of November, 1955, Hessinger Plumbing & Heating Co., under some arrangements with R & H Construction Co., commenced supplying materials and performing labor for the installation of plumbing and heating equipment in the home. The appellants W. T. Jennings Lumber Co. and Bismarck Lumber Co. also furnished materials to R & H Construction Co. for numerous other homes which the Construction Company was erecting for other purchasers in Bismarck. Hessinger Plumbing & Heating Co. was furnishing plumbing and heating equipment and materials and labor for installation in seven other homes besides that of plaintiffs being constructed by R & H Construction Co. Plaintiffs moved into their home on February 15, 1956, and had continued to occupy it up to the time of the trial. The appellants herein were never paid the whole of their charges by R & H Construction Co. and in February and March of 1956 they filed mechanics' liens against said property. The mechanics' liens of W. T. Jennings Lumber Co. and Bismarck Lumber Co. were solely for material furnished going into the construction of the plaintiffs' home. Hessinger Plumbing & Heating Co. filed a purported mechanics' lien claiming a lien on said property for both materials and labor furnished. In the meantime R & H Construction Co. had become insolvent, and its officers and owners, Raymond H. Hillestad and Wanda

Hillestad, his wife, left Bismarck and moved to the State of California.

▆▆▆ The mechanics' lien laws of the State of North Dakota in force at the times in question, so far as material, are found in the 1943 Revised Code of North Dakota, and provide as follows:

"*35–1201. Definitions.* In this chapter, unless the context or subject matter otherwise requires:

"1. Materials shall include machinery and fixtures;

"2. Improvement shall include construction or repair of any work of internal improvement, and erection, alteration, and repair of any buildings or other structures;

"3. Structures shall include fences, sidewalks, pavings, wells, grades, drains, and excavations;

"4. Owner shall mean and include every person for whose immediate use and benefit any building, erection, or improvement is made, having the capacity to contract, including guardians of minors or other persons; and

"5. Subcontractor shall include all persons furnishing things or doing work provided for by this chapter except such as have contracts therefor directly with the owner, proprietor, his agent, or trustee."

"*35–1203. Who Entitled to Mechanic's Lien; Notice of Contract.* Any person who performs or furnishes any labor or furnishes any materials for the improvement or erection of any building or other structure upon lands, or in making any other improvements thereon, under a contract with the owner of the land or with his agent, contractor, or subcontractor, or with the consent of the owner, upon complying with the provisions of this chapter, shall be entitled to a lien upon such building, or other structure and upon the land on which the improvements are situated, or to improve which said work was done or work or materials furnished, to secure the payment for such labor and materials.

"*35–1204. Itemized Account and Demand Conditions Precedent to Obtaining Lien for Mateirals.* No person furnishing materials shall be entitled to a lien under this chapter unless he shall:

"1. Keep an itemized account thereof separate and apart from all other items of account against the purchaser;

"2. Make a written demand for payment of such account at least fifteen days prior to the filing of the lien; and

"3. File with the clerk of the district court of the county in which the land, building, or improvement is situated a notice in writing signed by the person entitled to the mechanic's lien or by his authorized agent stating:

"a. The name of the person in possession of the land;

"b. The description of the property to be charged with the lien;

"c. The date of the contract; and

"d. That a mechanic's lien against the building, improvement, or premises will be perfected according to law unless the account shall have been paid.

"*35–1205. Materials Furnished to Contractor or Subcontractor; Separate Accounts Required; Notice to Owners.* If the materials are furnished to a contractor or subcontractor, a lien cannot be obtained under this chapter unless the party furnishing the materials:

"1. Shall keep a separate account against such contractor or subcontractor of the materials furnished for use in the construction, alteration, repair, or improvement of the property of each separate person, unless the property is

owned by several persons jointly or as cotenants, in which case such joint owners or cotenants shall be deemed a person; and

"2. Shall have notified the owner of the premises upon which the materials are to be used, or one of the owners in case of joint ownership or ownership in common, by registered mail, immediately after the making of the contract with the contractor or subcontractor, that he is about to furnish the materials, and such notice shall give the probable charge therefor."

"35–1206. Mingling of Charges Defeats Right to Lien. The mingling of charges for materials to be used in the construction, alteration, repair, or improvement of the property of different persons, except in the cases of joint ownership or ownership in common, shall defeat the right to a lien against either or any of such persons.

"35–1208. Consent; When Implied. The owner of the property upon which the labor is performed or for which the materials are furnished shall be presumed to have consented to the performance of such labor or the furnishing of such materials if he had knowledge thereof at the time the labor was performed or the materials furnished and did not give notice to the person furnishing the same of his objections thereto. * * *

"35–1214. Single Contract for Several Buildings; Amount of Claim Apportioned. If labor is done or materials furnished under a single contract for several buildings, structures, or improvements, the person furnishing the same shall be entitled to a lien therefor as follows:

"1. If the improvements are upon a single farm, tract, or lot, upon all such buildings, structures, and improvements and the farm, tract, or lot upon which the same are situated; and

"2. If the improvements are upon separate farms, tracts, or lots, upon all the buildings, structures, and improvements and the farms, tracts, or lots upon which the same are situated, but upon the foreclosure of the lien the court, in the cases provided for in this subsection, may apportion the amount of the claim among the several farms, tracts, or lots in proportion to the enhanced value of the same produced by means of the labor or materials, if such apportionment is necessary to protect the rights of third persons."

It is conceded that the appellants herein never complied with Paragraph 2 of said Sec. 35–1205, in that they never notified the plaintiffs by registered mail immediately after the making of the contract to supply materials to R & H Construction Co. that they were about to furnish such materials and giving the probable charge therefor.

■ The sole position of the appellants Bismarck Lumber Co. and W. T. Jennings Lumber Co. is that under the mechanic's lien law where the materialman is dealing directly with the owner of the premises no such notice is necessary as a prerequisite to a valid mechanic's lien, and that for all intents and purposes R & H Construction Co. was the owner of the premises, relying almost solely on the case of Pudwill v. Bismarck Lumber Co., et al., a North Dakota case, decided on April 7, 1958, reported in 89 N.W.2d 424.

In addition to the position adopted by the appellants Bismarck Lumber Co. and W. T. Jennings Lumber Co., the appellant Hessinger Plumbing & Heating Co. claim that they were not materialmen but subcontractors under the mechanics' lien law and were not required to give the notice to the owner, of materials furnished, and that a portion of their lien, to the extent of $800.50 was for labor and that the mechanics' lien law so far as it pertained to the furnishing of materials had no application to their lien for labor. As to the claimed liens of the appellants W. T. Jennings Lumber Co. and

Bismarck Lumber Co. the factual situation is entirely different from the facts in the Pudwill v. Bismarck Lumber Co. case, supra.

In the Pudwill case R & H Construction Co. had acquired title to certain lots upon which the plaintiff Pudwill desired to build. The R & H Construction Co. was also contractor to build the home. The corporation deeded the lot or lots to Quentin S. Gonser but then Raymond H. Hillestad and Wanda Hillestad, his wife, as mortgagors, gave a mortgage on the property in question, and later Wanda Hillestad received a deed from Quentin S. Gonser and thereafter deeded to Pudwill. It was apparent upon this state of facts that R & H Construction Co. and Raymond H. Hillestad and Wanda Hillestad as sole owners of the corporation had dominion and control over the property and were the actual owners thereof.

In the instant case R & H Construction Co., Raymond H. Hillestad, or Wanda Hillestad at no time had title to the property. The plaintiffs dealt with the owner of the vacant lot upon which they were going to build, and the money for the purchase of the lot was paid from the mortgage money. The R & H Construction Co., Raymond H. Hillestad, or Wanda Hillestad never had dominion or control over the property plaintiffs were purchasing and never claimed to have.

■ The matter of the claimed lien of Hessinger Plumbing & Heating Co. involves an additional problem than that of the other appellants. The testimony of Raymond H. Hillestad shows that in the construction of the housing R & H Construction Co. employed several different plumbing and heating contractors, and the price for plumbing and heating varied somewhat with the variations in house plan that the purchaser selected. The record shows that on February 10, 1956, Hessinger Plumbing & Heating Co. through their attorney sent a notice to R & H Construction Co. in which it was stated that demand was made for payment of their account pursuant to

Sec. 35–1204 of the N.D. Revised Code of 1943 as follows:

"Mike Schaffer home, 1709 Bowen Ave., labor and material for plumbing and heating ........................$2,509.44,"

and listing in the same notice seven other residents and the various amounts they claimed was due and owing, the total amounting to $12,042.16. On February 10, 1956, they filed with the Clerk of the District Court of Burleigh County what was termed a mechanic's lien notice and addressed to all persons whomsoever, in which they stated that under a contract with R & H Construction Co. they furnished the plumbing and heating fixtures, supplies, and labor necessary for the installation of the same upon certain described real estate, describing eight separate tracts of real estate by its legal description and naming as one of the persons in possession of said real estate Mike Schaffer among seven others. The notice further stated that they would claim and hereafter file a verified account and perfect a mechanic's lien against the described real estate in the event the amount due would not be paid. On March 14, 1956, Fred Hessinger Plumbing & Heating Co. by Kenneth Hessinger filed with the clerk of said court what was termed a statement of account, in which eight different descriptions of property were listed and the amounts unpaid for material, fixtures, and labor set opposite each described parcel of real estate. Along with said statement of account there was filed at the same time and attached thereto what was termed an affidavit verifying account on mechanic's lien, in which Kenneth Hessinger as a partner and Fred Hessinger Plumbing & Heating Co. claimed a lien on all the real estate described in the so-called statement of account for $3,405 for labor, and $8,997.16, or a total amount due of $12,042.16. The affidavit verifying the account failed to state that the $8,997.16 was for materials but the claimant claimed a mechanic's lien for labor and materials and fixtures upon the property described in the statement of account. In his memorandum decision the trial court held

that under Sec. 35–1214 there is no authorization for one mechanic's lien in favor of one party against the separate properties of eight other parties simply because the same plumber worked for the same contractor.

Sec. 35–1214 provides that if labor is done or materials furnished under a single contract for several buildings, structures or improvements the person furnishing the same shall be entitled to a lien therefor. Paragraph 5 of Sec. 35–1201 of the 1943 Revised Code provides that a "subcontractor" shall include all persons furnishing things or doing work provided for by this chapter except such as have contracts therefore directly with the owner, proprietor, his agent or trustee.

It is contended that Hessinger Plumbing & Heating Co. as a subcontractor was not bound by the requirements of Paragraph 2 of Sec. 35–1205 providing anyone furnishing materials to a contractor or subcontractor shall give notice to the owner by registered mail that he is about to furnish such materials and the probable charge therefor. It is unnecessary here to resolve this issue. The evidence clearly indicates that R & H Construction Co. employed several different plumbing and heating firms as subcontractors in the homes being constructed in Bismarck, and that in this action at least a portion of the plumbing work had been completed prior to Hessinger Plumbing & Heating Co. entering upon the premises to finish the plumbing and heating work. Raymond H. Hillestad, who was a witness for the defendants, testified that there was a definite price set for the plumbing and heating installations for each house depending on the variations in the model house plan. Kenneth Hessinger testified that Raymond H. Hillestad would give locations of different homes in which he wanted the Hessinger Plumbing & Heating Co. to install plumbing and heating fixtures and equipment but there was no definite price settled upon for each of the homes. It is undisputed in the evidence that Hessinger Plumbing & Heating Co. had no contract of any kind with the plaintiffs and that all arrangements for the materials and labor furnished were made with R & H Construction Co. It is further apparent from the evidence that Hessinger Plumbing & Heating Co. had no joint contract with R & H Construction Co. for an over-all price on all the homes in which they installed plumbing and heating equipment.

In Meyer Lumber Co. v. Trygstad, 22 N.D. 558, 134 N.W. 714, our Supreme Court stated that there could not be a joint lien where the contracts were separate and distinct. In that case two individuals owned adjoining lots. One individual decided to build and employed an architect and contractor. The lot owners decided to divide the cost of a party wall. Later the owners of the lots determined to build and employed the same architect and the same contractor and had his individual contract with each. The plaintiff lumber company furnished lumber to the contractor that went into the installation of both buildings and later filed a mechanic's lien against the real estate including the buildings. The Supreme Court stated that the contracts were separate and distinct and the plaintiff lumber company furnished separate and distinct estimates for the jobs and there was no reason why separate liens should not have been filed.

█ Mechanics' liens are purely a creature of statute and were never recognized at common law nor allowed in equity. 36 A.J. 19.

"A mechanic's lien is purely a creature of the statute. To entitle one to such a lien the statutory requirements must be fairly complied with." Northwestern Mutual Savings & Loan Ass'n v. Kessler, 66 N.D. 737, 268 N.W. 692.

Under the facts the appellant Hessinger Plumbing & Heating Co. have failed to follow the statutory proceedings necessary to bring into being a valid mechanic's lien. It

follows that the judgment appealed from is correct and is affirmed.

SATHRE, C. J., and BURKE, MORRIS, and TEIGEN, JJ., concur.

Mr. Justice STRUTZ deeming himself disqualified did not participate, Honorable CLIFFORD SCHNELLER, Judge of the District Court in the Third Judicial District, sitting in his stead.