Kenneth HESSINGER and James Hessinger d/b/a Fred Hessinger Plumbing and Heating Company, a partnership, Plaintiffs and Appellants,

v.

LeRoy B. SORENSON and Marian F. Sorenson, Defendants and Respondents,

and

R & H Construction Co., Wanda M. Hillestad and Raymond H. Hillestad, First Federal Savings and Loan Association of Bismarck, North Dakota, Defendants.

Civ. No. 8643.

Supreme Court of North Dakota.

Oct. 30, 1970.

Frederick E. Saefke, Jr., Bismarck, for plaintiffs and appellants.

Zuger, Bucklin, Kelsch & Zuger, Bismarck, for defendants and respondents LeRoy B. Sorenson and Marian F. Sorenson.

PAULSON, Judge.

This is an appeal and a demand for a trial de novo from a judgment of dismissal in favor of the defendants, LeRoy B. Sorenson and his wife, Marian F. Sorenson, and against the plaintiffs, Kenneth and James Hessinger, doing business as Fred Hessinger Plumbing and Heating Company, a partnership. The Hessingers commenced their action to foreclose a mechanic's lien against the Sorensons in Burleigh County District Court, which heard the case without a jury.

In 1955 Marian F. Sorenson negotiated with the Fred Hettick Realty Company of Bismarck to purchase certain real property located in the City of Bismarck, North Dakota. On November 29, 1955, the Sorensons purchased by contract for deed a lot in the Governor Pierce Addition to the City of Bismarck, paying the sum of $4,000 in cash as a down payment. The title to the land was vested in the name of Wanda M. Hillestad who, with her husband Raymond H. Hillestad, were the vice president and president, respectively, of the R & H Construction Company, Incorporated. The balance of the purchase price was paid by the Sorensons' assuming a mortgage executed by the Hillestads on the same property in favor of the First Federal Savings & Loan Association of Bismarck. On December 2, 1955, the Hillestads executed a warranty deed to the Sorensons, which deed was subsequently filed for record on December 8, 1955. The Sorensons

moved into the dwelling situated on said property on December 12, 1955, and have continuously resided there since that time.

The R & H Construction Company, during the year of 1955, was in the process of building several homes in Bismarck. While building some of the homes, R & H Construction Company contracted with the Fred Hessinger Plumbing and Heating Company to perform various kinds of work within the scope of their plumbing and heating specialty. The work done on each home by the Fred Hessinger Plumbing and Heating Company was a separate transaction between the Hessingers and the R & H Construction Company.

Partial completion of the plumbing had already been accomplished by other plumbing companies on some of the homes on which the Hessingers worked. The Sorenson home was an example of an instance in which a different plumber commenced doing the work, which unfinished work was completed by the Hessingers. The Hessingers installed plumbing in several homes, commencing in October of 1955 and terminating in February of 1956. The work on the Sorenson home began on December 1, 1955, and was substantially completed within a period of two weeks.

The Hessingers knew that the R & H Construction Company was building these homes for the purpose of sale to individual parties. In addition, the Hessingers knew that, in at least some of the cases, these individual parties acquired ownership of their respective properties during the time that the Hessingers were performing their subcontracts on these properties. The Hessingers, on December 23, 1955, cut some metal pipe to be used as clothes rods in the Sorenson home. A carpenter for R & H Construction Company brought these rods to the Sorenson home and installed them. The furnishing of this material was the last item supplied by the Hessingers under their contract with the R & H Construction Company. The Sorensons were not aware of who had completed the plumbing and heating work in their home for the general contractor.

Mr. Sorenson, after Christmas of 1955, in using the advertisements placed by local plumbers in the area telephone directory, by coincidence telephoned the Fred Hessinger Plumbing and Heating Company. The Sorensons were having some difficulty with the radiators in their home's heating system, and several air regulators were installed and others were adjusted by the Hessingers on December 30, 1955, and on January 3, 1956. The bill for these services was in the sum of $15.08, which the Sorensons paid by check. No claim or demand was presented to the Sorensons by the Hessingers until December 8, 1961, at which time they were served by the Hessingers with a notice of intention to foreclose a mechanic's lien, and, on December 29, 1961, a summons and complaint was served upon them.

On February 10, 1956, the Hessingers sent a written demand for payment to the R & H Construction Company, but a written demand was not sent to the Sorensons on this date. This demand, covering eight different parcels of real estate, stated that unless the total sum of $12,042.16 was paid, a single mechanic's lien would be filed covering all of the eight parcels of land. On the same day, a notice of intention to file a lien was filed with the clerk of the District Court of Burleigh County, which notice covered the eight different descriptions of real property owned by eight individual families; and which notice further provided that one lien would be filed unless all of the R & H Construction Company's accounts were paid. The statement of account and the lien which was subsequently filed in the office of the clerk of the district court on March 14, 1956, also covered the eight tracts of land. The lien recited that the last date on which materials and labor were furnished was February 9, 1956, which date clearly related to property other than that of the Sorensons.

The Sorensons, during the trial, filed a request that the court take judicial notice of the lien papers contained in the case of Schaffer v. Smith, 113 N.W.2d 668 (N.D.1962). Pursuant to such request, the

district court included in its findings of fact the following:

"The lien notice, demand for payment, affidavit and other papers upon which the Plaintiffs here purport to establish their mechanic's lien are the identical lien papers that were before this District Court in the case known as Schaffer v. Smith, this District's file # 15900, and published on appeal at 113 N W2d 668. Pursuant to North Dakota Century Code, Section 31–10–02(2) and (20), this Court has taken judicial notice that the lien papers are the identical ones which this Court and the State Supreme Court have held to be invalid and insufficient to create a mechanic's lien. * * *" [From ¶ 11, Trial Court's Findings of Fact.]

The following issues are pertinent on this appeal:

1. Are the Hessingers entitled to a mechanic's lien against the property owned by the Sorensons?

2. Did the Hessingers fail to give notice required by the then-existing mechanic's lien statutes to Sorensons that Hessingers were furnishing materials?

3. Was the last item of labor and material furnished under the contract the Hessingers had with the contractor for the Sorenson house furnished more than six years before the action was brought?

The following statutes of the North Dakota Revised Code of 1943 are applicable to the case at bar:

35–1201. N.D.R.C.1943. *"Definitions.* In this chapter, unless the context or subject matter otherwise requires:

\* \* \* \* \* \*

"4. Owner shall mean and include every person for whose immediate use and benefit any building, erection, or improvement is made, having the capacity to contract, including guardians of minors or other persons; and

"5. Subcontractor shall include all persons furnishing things or doing work provided for by this chapter except such as have contracts therefor directly with the owner, proprietor, his agent, or trustee."

35–1204. N.D.R.C.1943. *"Itemized Account and Demand Conditions Precedent to Obtaining Lien for Materials.* No person furnishing materials shall be entitled to a lien under this chapter unless he shall:

\* \* \* \* \* \*

"2. Make a written demand for payment of such account at least fifteen days prior to the filing of the lien; and

"3. File with the clerk of the district court of the county in which the land, building, or improvement is situated a notice in writing signed by the person entitled to the mechanic's lien or by his authorized agent stating:

"a. The name of the person in possession of the land;

"b. The description of the property to be charged with the lien;

"c. The date of the contract; and

"d. That a mechanic's lien against the building, improvement, or premises will be perfected according to law unless the account shall have been paid."

35–1205. N.D.R.C.1943. *"Materials Furnished to Contractor or Subcontractor: Separate Accounts Required; Notice to Owners.* If the materials are furnished to a contractor or subcontractor, a lien cannot be obtained under this chapter unless the party furnishing the materials:

"1. Shall keep a separate account against such contractor or subcontractor of the materials furnished for use in the construction, alteration, repair, or improvement of the property of each owned by several persons jointly or as cotenants, in which case such joint separate person, unless the property is owners or cotenants shall be deemed a person; and

**914**

"2. Shall have notified the owner of the premises upon which the materials are to be used, or one of the owners in case of joint ownership or ownership in common, by registered mail, immediately after the making of the contract with the contractor or subcontractor, that he is about to furnish the materials, and such notice shall give the probable charge therefor."

35-1214. N.D.R.C.1943. *"Single Contract for Several Buildings; 'Amount of Claim Apportioned.* If labor is done or materials furnished under a single contract for several buildings, structures, or improvements, the person furnishing the same shall be entitled to a lien therefor as follows:

"1. If the improvements are upon a single farm, tract, or lot, upon all such buildings, structures, and improvements and the farm, tract, or lot upon which the same are situated; and

"2. If the improvements are upon separate farms, tracts, or lots, upon all the buildings, structures, and improvements and the farms, tracts, or lots upon which the same are situated, but upon the foreclosure of the lien the court, in the cases provided for in this subsection, may apportion the amount of the claim among the several farms, tracts, or lots in proportion to the enhanced value of the same produced by means of the labor or materials, if such apportionment is necessary to protect the rights of third persons."

35-1222. N.D.R.C.1943. *"Requiring Suit To Be Commenced: Demand; Limitations of Action.* Upon written demand of the owner, his agent, or contractor, served on the person holding the lien, suit shall be commenced within thirty days thereafter if the debt for · which the lien is security is due, and if not due, within thirty days after the same becomes due, or the lien shall be forfeited. No lien shall be valid or effective as such, nor shall the same be enforced in any case, and the clerk of the district court shall· cancel any such lien of rec-

ord, unless the holder thereof shall assert the same either by complaint or answer within six years after the date of the last item of his claim as set forth in the recorded lien account, or within six years after it becomes due, if the lien account shows that it is not then due. If a summons and complaint or answer asserting the validity of the lien is not filed in the office of the clerk of court in which the lien is filed within the limitation herein provided, the clerk of court, upon request of any interested person, shall cancel the lien of record."

Also pertinent is § 31–10–02 of the North Dakota Century Code:

31–10–02. N.D.C.C. *"Facts subject to judicial notice.*—Every court of this state shall take judicial notice:

\* \* \* \* \* \*

"2. Of its own records and judgment;

\* \* \* \* \* \*

"20. That the case before the court had connection with one formerly decided by it; \* \* \*"

The Hessingers' brief relies exclusively on the case of Pudwill v. Bismarck Lumber Company, 89 N.W.2d 424 (N.D.1958), in their contention that the Hessingers have perfected a valid lien against the Sorenson property. The *Pudwill* case was an action to quiet title commenced in the Burleigh County District Court by the Pudwills against various lienholders. This court affirmed the district court's decision that there were valid liens against the property owned by the Pudwills. R & H Construction Company, Inc., whose president was R. H. Hillestad and vice president Wanda M. Hillestad, on September 8, 1954, as grantor, deeded to one Quentin S. Gonser, as grantee, a certain lot in the City of Bismarck. According to the testimony in the trial court by Ernest Pudwill, on October 5, 1955, Mr. Pudwill entered into an agreement with one Kenneth Ereth, a salesman for R & H Construction Company, to purchase from said construction company this particular lot, with the understanding and agreement that the construc-

tion company was to erect a dwelling thereon for a total consideration of $10,000, including the lot, which was valued at $1,200. Soon after the purchase agreement was made, the R & H Construction Company commenced the construction of the dwelling on the lot. On November 18, 1955, Wanda M. Hillestad and Raymond H. Hillestad, as mortgagors, executed a mortgage to the First Federal Savings and Loan Association of Bismarck, as mortgagee, against said premises, the consideration being $15,000. On November 23, 1955, Quentin S. Gonser and his wife, as grantors, deeded said premises to Wanda M. Hillestad, as grantee. On January 23, 1956, Raymond H. Hillestad and Wanda M. Hillestad, husband and wife, as grantors, deeded said premises to the Pudwills. This deed was recorded on June 29, 1956. In the latter part of December of 1955, the R & H Construction Company abandoned the construction of the dwelling after having it enclosed and the windows installed, but leaving the interior unfinished and the painting undone. W. T. Jennings Lumber Company, Bismarck Lumber Company, Western Concrete Products, and the Fred Hessinger Plumbing and Heating Company had furnished materials and some labor that went into the partially completed dwelling; and Wesley Perman had performed some labor thereon. The materialmen had, prior to the commencement of the action, given notice of intention to file mechanic's liens for materials furnished and had filed mechanic's liens against said premises. Wesley Perman had filed a labor lien. The Pudwills contended that under the ruling mechanic's lien statutes, it was necessary for materialmen about to furnish materials to a contractor to give notice to the owner of the property for which the materials were being furnished and that the various suppliers had failed to do so. The materialmen contended that R & H Construction Company in truth and in fact was the owner of the premises and that Quentin S. Gonser and Wanda M. Hillestad merely held the naked legal title and the real owner was R & H Construction Company, and as materials were furnished to R & H Con-

struction Company, no notice was required by the statute. The court held that the R & H Construction Company, in its contract for materials for which liens were claimed, had dominion and control over the property in question and was the equitable owner thereof. The court further held that it made no difference in whom the legal title was vested and that the materialmen were not required to give notice to the holder of legal title that materials were about to be furnished, in order to preserve the validity of their liens. In Pudwill v. Bismarck Lumber Company, *supra*, 89 N.W. 2d at 424, in paragraph 3 of the syllabus, this court stated:

"Where an owner contracts directly with a materialman for material going into the construction of a dwelling, it is not prerequisite to the filing of a lien that materialman give owner statutory notice that he is about to furnish such material."

The case at bar is distinguished from the decision in the *Pudwill* case. Section 35–1201 of the North Dakota Revised Code of 1943 defines "owner" for the purpose of the mechanic's lien chapter as being someone other than the mere holder of legal title. The vendee under an executory contract of sale is the equitable owner of the land. Nearing v. Coop, 6 N.D. 345, 70 N.W. 1044 (1897); Wadge v. Kittleson, 12 N.D. 452, 97 N.W. 856 (1903). The vendee is defined as the owner and the person against whom the mechanic's lien is perfected and the vendor is not the owner within the purview of this mechanic's lien law. Salzer Lumber Co. v. Claflin, 16 N.D. 601, 113 N.W. 1036 (1907). In this instance, the Sorensons should have been given notice. In Schaffer v. Smith, 113 N.W.2d 668 (N.D.1962), in paragraphs 2 and 3 of the syllabus, this court held:

"2. That unless materialman deals directly with the owner, he must give the owner notice that he is about to furnish materials to the contractor and the probable cost thereof as required by Paragraph 2 of Section 35–1205 of the 1943 Revised Code.

"3. A mechanic's lien is purely a creature of the statute. To entitle one to such a lien the statutory requirements must be fairly complied with."

Thus, a failure to comply with § 35–1205, N.D.R.C.1943, is fatal to the Hessingers in this case. McKechnie v. Bismarck Lumber Company, 114 N.W.2d 709 (N.D.1962); Quality Builders, Inc. v. Hahn, 134 N.W.2d 577 (N.D.1965); Northwestern Mut. Savings & Loan Ass'n v. Kessler, 66 N.D. 737, 268 N.W. 692 (1936); Skyhook Lift-Slab Corp. v. Huron Towers, Inc., 369 Mich. 36, 118 N.W.2d 961 (1963); 36 Am.Jur., Mechanics' Liens § 19. Although the Sorensons contracted for the purchase of their land on November 29, 1955, they did not receive their warranty deed until December 2, 1955. The Hessingers began their work on December 1, 1955. This sequence of factual events does not sustain the Hessingers' contention that their lien was perfected against the Sorenson property, because in Johnson v. Soliday, 19 N.D. 463, 126 N.W. 99 (1910), in paragraph 1 of the syllabus, this court held that:

"Under the provisions of the mechanic's lien law the 'owner' of real estate on whose interest a mechanic's lien will attach is the person for whose immediate use and benefit the building, erection, or improvement is made."

In Meyer Lumber Co. v. Trygstad, 22 N.D. 558, 134 N.W. 714 (1912), this court held that where contracts are separate and distinct and a joint lien is filed against property of the several landholders, the lien is void. In Schaffer v. Smith, *supra*, 113 N.W.2d at 669, in paragraph 4 of the syllabus, this court held:

"Where separate contracts are made with a single contractor for the construction of several buildings upon separate parcels of land belonging to different owners a party claiming a mechanic's lien must make a separate notice of intention to file mechanic's lien, and a separate mechanic's lien, for each of the different parcels of real estate."

The Hessingers also claimed that the Sorensons were personally monetarily liable to the Hessingers because the Sorensons allegedly were aware of the material and labor being furnished by the Fred Hessinger Plumbing and Heating Company. However, after reviewing the record, it is clear that the Hessingers had no contractual arrangement with the Sorensons for finishing the partially completed plumbing and heating work which was commenced prior to the Sorensons' moving into their home and that there is no evidence that the Hessingers claimed that the Sorensons had constructive notice that the Hessingers were furnishing certain labor and materials for completing the plumbing and heating contract in the Sorenson home. The Hessingers, therefore, are not entitled to a personal money judgment against the Sorensons and must enforce their judgment against the R & H Construction Company and the Hillestads.

Finally, § 35–1222 of the North Dakota Revised Code of 1943 sets forth a statute of limitations of six years within which to commence action from the furnishing of the last item under a contract to supply labor and materials. The record reveals to this court that the Hessingers' last act under their contract with the R & H Construction Company was to furnish the clothes rods for the Sorenson home on December 23, 1955. The summons and complaint to foreclose the mechanic's lien was not served until December 29, 1961. Thus, if the Hessingers had in fact any claim against the Sorensons, the Hessingers' claim would be barred by the statute of limitations. Any subsequent problem with noisy radiators in the Sorenson home in 1956 resulted in a separate and distinct contract between the Sorensons and the Hessingers, with all labor and materials for that contract having been paid for by the Sorensons as a separate and distinct business transaction. For the reasons stated in this opinion, the decision of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, STRUTZ and KNUDSON, JJ., concur.